[Civ. No. 48933. First Dist., Div. Three. Feb. 24, 1982.]

VERNON J. GARCIA et al., Plaintiffs and Appellants, v. FRANK P. BORELLI, JR., Defendant and Respondent.

**COUNSEL**

Morgan, Ruby, Teter, Schofield, Franich, Bouchier & Fredkin and Allen Ruby for Plaintiffs and Appellants.

Miriam Gerber, Thomas R. Fellows, Burton K. Wines and Wines, Robinson & Wood for Defendant and Respondent.

**OPINION**

**COOK, J.***—This appeal is from the judgment in favor of respondent attorney in an action for legal malpractice, entered pursuant to an order by the trial court granting his motion for summary judgment.

Appellants are Vernon J. Garcia, the only surviving child of Joseph Garcia, deceased, and Michael and Scott Garcia, grandsons of the decedent.

---

*Assigned by the Chairperson of the Judicial Council.

Respondent, Frank P. Borelli, Jr., acting in his professional capacity, drafted the last will and testament of decedent and served as attorney for the coexecutors of his estate following decedent's death on January 14, 1977.

Appellants, as legatees under this will, alleged negligent failure on the part of respondent in failing to fulfill decedent's testamentary directions prior to his death and in breaching respondent's fiduciary duty to them in his later capacity as estate attorney.

Respondent sought and obtained the order for summary judgment on the ground that a judgment had been entered pursuant to stipulation between appellants and the surviving spouse of decedent in a Probate Code section 1080 proceeding, which operated as a bar to appellants' claim for damages in the case at bench by virtue of the doctrine of collateral estoppel.

## The Facts

Since the circumstances giving rise to this litigation are not in substantial dispute, a brief summary will suffice.

Joseph A. Garcia (Testator) and his second wife, Cecilia Garcia (Wife), were married on June 6, 1944. Appellant Vernon Garcia (Vernon) is Testator's son by a prior marriage. Michael and Scott Garcia are sons of Vernon.

On September 8, 1975, Testator executed a will prepared for him by respondent. Wife and Vernon were named as coexecutors of this will, and following Testator's death on January 14, 1977, it was admitted to probate on February 15, 1977. Respondent represented Wife and Vernon in their capacity as coexecutors of the estate.

The first amended complaint for damages alleges that Testator had disclosed to respondent, pursuant to the preparation of the will, that he owned substantial property standing in his name alone, which was his separate property, and that he also owned other property in joint tenancy with his wife, which was in fact community property held in joint tenancy for convenience only.

It is further alleged that Testator also instructed respondent that his intention was to transmit to appellants by testamentary transfer his entire interest in the community property, including all that was held in joint tenancy, together with a specified portion of his separate property. The value of this property is alleged to have been in excess of $400,000.

Testator's will contains the following declaration: "SECOND: I declare that my wife and I have been married for approximately thirty (30) years, and that my estate consists almost entirely of separate property acquired before our marriage and the increase thereof. All property heretofore or hereafter standing in my name alone is my sole and separate property; all property heretofore or hereafter standing in the joint names of my said wife and myself is our community property; and it is my intention hereby to dispose of my separate property and my interest in our community property."

After providing certain specific bequests, the will designates appellants as the residual legatees.

The inventory filed in the probate proceeding on February 16, 1978, lists the value of the total community property held in joint tenancy as $668,113.15, one-half thereof, $334,056.57, being Testator's one-half interest. It is alleged that appellants were the residuary beneficiaries of this latter amount.

The complaint further alleges that following the admission of the will to probate, respondent, acting on behalf of Wife, terminated all joint tenancies in her favor, thus depriving the estate, and ultimately appellants, of Testator's community interest in this property.

This action, not surprisingly, precipitated a dispute between appellants and Wife, and on July 1, 1977, a petition for determination of entitlement to distribution of estate under Probate Code section 1080 was filed by Cecilia A. Garcia and Vernon J. Garcia, as coexecutors of the will. Respondent's name is signed thereto, under his law firm's name, "O'BRIEN & BORELLI," as "Attorneys for Executors."

Each of the petitioners retained individual counsel to represent their claims in the Probate Code section 1080 proceeding. The dispute was eventually settled by the parties, and on January 30, 1979, the probate

court judge made an order approving the settlement. Distribution of the estate was then ordered in accordance with the terms of the agreement presented to the court.

## The Causes of Action

The first amended complaint in the case at bench sets forth three causes of action against respondent:

(1) The first cause alleges that respondent "negligently and carelessly advised decedent" that the declaration of Testator in his will relating to his property interests and their designation as "separate" and "community" was sufficient to so establish their character; that he failed to advise Testator properly of measures which he could take "to assure that the true character of his property would be recognized after his death"; and that he failed to advise Testator properly of the law governing presumptions regarding his title to the property in his estate.

(2) The second cause of action alleges a breach of respondent's duty as an attorney "by accepting employment from an individual with interests in conflict with those of the Estate of Joseph A. Garcia," and in terminating all joint tenancies in favor of Wife, as surviving joint tenant, which deprived the estate and ultimately appellants of Testator's community interest in this property.

(3) The third cause of action is based on the same conduct by respondent and is designated as a breach of the terms of the oral contract by which respondent agreed to serve as the attorney for the estate and to claim for the estate the property described in Testator's will. It is further alleged that an implied covenant of this contract was that respondent would not accept employment in conflict with the duties therein involved.

## The Contentions of the Parties

Respondent asserts that the basis of his summary judgment motion was that appellants were barred by the doctrine of collateral estoppel from relitigating any of the damage contentions that had been settled, with court approval, in the Probate Code section 1080 proceeding. He avers that appellants are seeking to relitigate their entitlement to the

portion of Testator's estate provided for them by the will. He does not contest the allegations of negligence and conflict of interest on his part.

Appellants maintain that there is no basis to sustain the doctrine of collateral estoppel in this case and cite the following reasons:

(1) The damage issues in this case are not identical to the issues in the Probate Code section 1080 proceeding, in that the only issue there concerned appellants' entitlements under the will *as actually written*, while the present lawsuit seeks damages representing the difference between what they received under the settlement and what they would have received under the will and other legal documents *as they should have been written* in order to carry out the directions and intent of Testator.

(2) The issues of respondent's negligence and resulting damages were not in issue in the probate court proceeding and could not have been considered by that court.

(3) Respondent was not a party to the probate proceeding resulting in a settlement, nor was he privy to any party.

Appellants also advert to the declaration of John Appel in opposition to the motion for summary judgment. He had represented appellants in the Probate Code section 1080 proceeding and had negotiated the settlement. He stated that he recommended the settlement because the will as drafted by respondent and the manner in which he administered the jointly held property placed appellants "in such a disadvantageous position that a settlement on those terms was preferable to a trial."

### The Summary Judgment

The only ground raised in the motion for summary judgment was that there is no triable issue of fact as to respondent. In support of this assertion, counsel for respondent submitted her declaration, to which she attached a copy of the Probate Code section 1080 petition, a copy of the order approving the settlement, and a copy of Testator's will. In her memorandum of points and authorities in support of the motion, respondent's counsel raised the issue of collateral estoppel and stated further: "Because of the conclusive and binding nature of the Probate Code 1080 decree as to the right of heirship and distribution, plaintiffs

are once again estopped from asserting that they were entitled to any other distribution of Joseph Garcia's estate than that determined by the probate court."

Review of the oral arguments addressed to the trial court discloses no other ground than that the estate matter having been ruled on in the probate court, "all of the damages claimed by plaintiffs in this action have already been adjudicated, ..."

This constitutes the basis for the court's ruling, and we now consider its legal sufficiency.

### The Requirements of Collateral Estoppel

As was stated in *Henn* v. *Henn* (1980) 26 Cal.3d 323, at pages 329-330 [161 Cal.Rptr. 502, 605 P.2d 10], "The doctrine of res judicata has long been recognized to have a dual aspect. [Citations.] 'In its primary aspect the doctrine of res judicata operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.' (*Clark* v. *Lesher* (1956) 46 Cal.2d 874, 880 ....) Also, the doctrine comes into play in situations involving a second suit, not necessarily between the same parties, which is based upon a different cause of action. There '[t]he prior judgment is not a complete bar, but it "operates [against the party against whom it was obtained] as an estoppel[4] or conclusive adjudication *as to such issues in the second action as were actually litigated and determined in the first action.*"' (*Id.*, citations omitted.)" The court's footnote 4 provides: "This second aspect is referred to as judgment by estoppel or, more commonly, collateral estoppel. (See *Clark* v. *Lesher, supra*, 46 Cal.2d at p. 880.)" (*Henn* v. *Henn, supra*, 26 Cal.3d at pp. 329-330, italics added; see also 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 148, p. 3293.)

The basic principles of res judicata, as set forth in *Summerford* v. *Board of Retirement* (1977) 72 Cal.App.3d 128, 130 [139 Cal.Rptr. 814], are: "A judgment in one tribunal is res judicata as to subsequent proceedings where: (1) the identical issue is under consideration; (2) a final judgment was reached on the merits in the earlier adjudication; (3) the party against whom that judgment is now asserted was a party or in privity with a party in the prior action. [Citations.]" (See also *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892]; *Saunders* v. *New Capital for Small Businesses, Inc.* (1964) 231

Cal.App.2d 324, 331 [41 Cal.Rptr. 703]; *Jackson v. City of Sacramento* (1981) 117 Cal.App.3d 596 [172 Cal.Rptr. 826].)

## *The Present Action Is Not So Barred*

■ In this action appellants are seeking damages for alleged malpractice in the negligent conduct of respondent in his preparation and advice relating to the drafting of testamentary instruments for Testator and in his alleged misconduct in performing his duties as attorney for the executors of the subsequent probate estate.

While this action involves the contents of the will as drafted, it does not seek further recovery from the estate of Testator or from Wife. It does not seek to modify in any way the settlement or the judgment entered in the probate court proceedings.

■ It is settled that intended beneficiaries of a will who lose their testamentary rights because of failure of the attorney who drew the will to properly fulfill his obligations under his contract with the testator may recover damages as third party beneficiaries and also on a tort liability for breach of duty owed directly to the beneficiaries. (*Lucas v. Hamm* (1961) 56 Cal.2d 583, 588 [15 Cal.Rptr. 821, 364 P.2d 685]; *Heyer v. Flaig* (1969) 70 Cal.2d 223, 226 [74 Cal.Rptr. 225, 449 P.2d 161]; *Bucquet v. Livingston* (1976) 57 Cal.App.3d 914, 921 [129 Cal. Rptr. 514].)

■ This alleged misconduct on the part of respondent, giving rise, as the above cited authorities establish, to causes of action based on both contract and tort, could not possibly have been litigated in the probate court proceeding. The other obvious reason for this conclusion is that respondent was not and could not have been a party to that proceeding.

The first requirement for invoking the doctrine of res judicata in its "second aspect," commonly referred to as collateral estoppel, therefore is not met in the case at bench.

Appellants agree, however, that to the extent that their settlement in the probate proceeding reduced the amount of damage sustained by them as proximately caused by the alleged tort and breach of contract, respondent may be benefited.

We therefore conclude that triable issues of fact were properly before the trial court and that appellants are not estopped from pursuing them in the manner provided by law.

The judgment is reversed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied March 23, 1982, and respondent's petition for a hearing by the Supreme Court was denied May 12, 1982.