340 So.2d 1167 (1976)
Jacquelyn Yon McABEE, Appellant,
v.
Warren EDWARDS and St. Paul Mercury Insurance Co., a Foreign Corporation, Appellees.
No. 75-1708.
District Court of Appeal of Florida, Fourth District.
July 16, 1976.
Rehearing Denied December 17, 1976.
Donald R. Corbett, Orlando, for appellant.
Monroe M. McDonald, of Sanders, McEwan, Mims & McDonald, Orlando, for appellee, Edwards.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellee, St. Paul Mercury Ins. Co.
DOWNEY, Judge.
Appellant Jacquelyn Yon McAbee sued appellees Warren Edwards (a lawyer) and his insurance carrier St. Paul Mercury Insurance Company for malpractice arising out of the preparation of a last will and *1168 testament for appellant's mother, Bonita P. Yon. The court entered a judgment on the pleadings and Mrs. McAbee appealed from that judgment.
In her amended complaint appellant makes the following material allegations. In April 1960, her mother employed appellee Edwards to prepare her (the mother's) will leaving her entire estate to her daughter (the appellant). After the will was executed on April 15, 1960, the mother married Mr. Moore. Thereafter the mother made an appointment with appellee Edwards, advised him of her marriage, and requested him to redraft her will so that appellant would be her sole beneficiary. Appellee Edwards advised the mother that it was unnecessary to make any changes in the will to effect her testamentary plan. The mother died in 1972 while married to Mr. Moore and the will in question was admitted to probate. Mr. Moore claimed an interest in the mother's estate as a pretermitted spouse.[1] Moore's claim was eventually settled for the sum of $27,000. Appellee Edwards owed to appellant as the beneficiary of her mother's estate the duty to properly advise appellant's mother of the necessity to change her will after her marriage so that the entire estate of the mother would go to the appellant, as the mother intended. Appellee breached this duty and appellant was damaged as a result of that breach.
Among other responses to the foregoing allegations, appellees' answer admitted the preparation of the mother's will and affirmatively pleaded: (1) appellant lacked standing to sue because of lack of privity; (2) laches; (3) the statute of limitations; (4) compromise and settlement. The trial court granted appellees' motion for judgment on the pleadings and this appeal followed.
Since the judgment under review is one on the pleadings entered upon motion of the defendants-appellees, all well pleaded allegations of the nonmoving party (appellant) are taken to be true while those of the movants (appellees) that have been denied are taken as false. Butts v. State Farm Automobile Mutual Ins. Co., 207 So.2d 73 (3d DCA, Fla. 1968). The question thus presented here is whether the appellant's amended complaint stated a cause of action.
Appellant contends that the amended complaint presents a meritorious claim based upon a tort theory sounding in negligence or upon the contract theory of third party beneficiary. Appellees on the other hand assert that under the law of Florida a lawyer owes a duty only to his immediate client. Without privity of contract no action can be maintained for negligence in rendering legal services.
The briefs of counsel and our independent research demonstrate that there is a division of authority on the question presented. Perhaps the numerical weight of that authority favors the contentions of the appellees. See Annot.: Attorneys  Liability To Third Parties, 45 A.L.R.3d 1184, § 2a. However, we are persuaded that the better view favors the maintenance of the cause of action alleged by appellant. Ibid. Probably the closest case on point is Heyer v. Flaig, 70 Cal.2d 223, 74 Cal. Rptr. 225, 449 P.2d 161 (1969), in which a decedent's two daughters sued the lawyer who drafted the decedent's will. They alleged that their mother employed the defendant to prepare a will leaving her entire estate to the daughters, and that their mother advised the defendant that she was about to be married. Defendant prepared the will leaving the estate to the daughters but never mentioned the soon to be husband. Upon *1169 the death of the testatrix the husband asserted a claim "as a post-testamentary spouse" resulting in a loss of $50,000 in the value of the daughters' inheritance. Judgment was entered for the defendant on the ground that the statute of limitations had run. In reversing, the Supreme Court of California discussed the duty of a lawyer in these circumstances to his immediate client and to the beneficiaries designated in the proposed will:
"In the case of Lucas v. Hamm, 56 Cal.2d 583, 15 Cal. Rptr. 821, 364 P.2d 685 [1961], we embraced the position that an attorney who erred in drafting a will could be held liable to a person named in the instrument who suffered deprivation of benefits as a result of the mistake. Although we stated that the harmed party could recover as an intended third-party beneficiary of the attorney-client agreement providing for legal services, we ruled that the third party could also recover on a theory of tort liability for a breach of duty owed directly to him. At the heart of our decision in Lucas v. Hamm lay this recognition of duty.
"In the earlier case of Biakanja v. Irving (1958) 49 Cal.2d 647, 320 P.2d 16, 65 A.L.R.2d 1358, we had held that a notary public who negligently failed to direct proper attestation of a will became liable in tort to an intended beneficiary who suffered damage because of the invalidity of the instrument. In that case, the defendant argued that the absence of privity deprives a plaintiff of a remedy for negligence committed in the performance of a contract. In rejecting this contention we pointed out that the inflexible privity requirement for such a tort recovery has been virtually abandoned in California. (49 Cal.2d at pp. 649-650, 320 P.2d at p. 19.) We then analyzed the bases for imposing such a duty: `The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.'
"Applying the Biakanja criteria to the facts of Lucas, the court found that attorneys incur a duty in favor of certain third persons, namely, intended testamentary beneficiaries. In proceeding to discuss the contractual remedy of such persons as the plaintiffs in Lucas, we concluded that `as a matter of policy, * * they are entitled to recover as third-party beneficiaries.' (56 Cal.2d at p. 590, 15 Cal. Rptr. at p. 825, 364 P.2d at p. 689.) The presence of the Biakanja criteria in a contractual setting led us to sustain not only the availability of a tort remedy but of a third-party beneficiary contractual remedy as well. This latter theory of recovery, however, is conceptually superfluous since the crux of the action must lie in tort in any case; there can be no recovery without negligence."
* * * * * *
"When an attorney undertakes to fulfill the testamentary instructions of his client, he realistically and in fact assumes a relationship not only with the client but also with the client's intended beneficiaries. The attorney's actions and omissions will affect the success of the client's testamentary scheme; and thus the possibility of thwarting the testator's wishes immediately becomes foreseeable. Equally foreseeable is the possibility of injury to an intended beneficiary. In some ways, the beneficiary's interests loom greater than those of the client. After the latter's death, a failure in his testamentary scheme works no practical effect except to deprive his intended beneficiaries of the intended bequests." Id. at 164-165.
* * * * * *
"The duty thus recognized in Lucas stems from the attorney's undertaking to perform legal services for the client but *1170 reaches out to protect the intended beneficiary. We impose this duty because of the relationship between the attorney and the intended beneficiary; public policy requires that the attorney exercise his position of trust and superior knowledge responsibly so as not to affect adversely persons whose rights and interests are certain and foreseeable." Id. at 165.
* * * * * *
"In rendering legal services, an attorney must perform in such manner as `lawyers of ordinary skill and capacity commonly possess and exercise' (Estate of Kruger (1900) 130 Cal. 621, 626, 63 P. 31, 33). A reasonably prudent attorney should appreciate the consequences of a post-testamentary marriage, advise the testator of such consequences, and use good judgment to avoid them if the testator so desires. In the present case, defendant allegedly knew that the testatrix wished to avoid such consequences. Despite his knowledge that the testatrix intended to marry following the execution of the will, the attorney drafted a will which arguably lacked adequate provision against such consequences (cf. Estate of Ryan (1923) 191 Cal. 307, 216 P. 366). Furthermore, the complaint alleges that the defendant negligently failed to advise the testatrix that she should change her will after her marriage and continued this negligent omission until the time of her death. The complaint states a sufficient cause of action in tort under the doctrine of Lucas; ..." Ibid.
Cf. A.R. Moyer, Inc. v. Graham, 285 So.2d 397, 401 (Fla. 1973); Mullray v. Aire-Lok Co., 216 So.2d 801 (Fla.App.3d 1969).
Based upon the reasoning of the foregoing authorities we hold that the complaint stated a cause of action. We also hold that whether the action is barred by a statute of limitations is a factual question not to be decided summarily. Schetter v. Jordan, 294 So.2d 130 (Fla.App. 4th 1974). It was therefore improper for the trial court to enter judgment on the pleadings in appellees' favor.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
MAGER and ALDERMAN, JJ., concur.

ON PETITIONS FOR REHEARING
DOWNEY, Judge.
While petitions for rehearing were pending, counsel notified this Court that the parties had effected a settlement of the case and they filed a joint motion of dismissal. It was suggested by counsel that, since the parties had settled the case, our opinion published July 16, 1976, should be withdrawn. We decline to withdraw said opinion, and we deny the petitions for rehearing.
MAGER, C.J., and ALDERMAN, J., concur.
NOTES
[1] "Marriage after execution of will.  When a person marries after making a will and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law." § 731.10 F.S. 1973.