426 So.2d 1153 (1983)
Demetra DeMARIS, Appellant,
v.
Robert ASTI, Individually, and Blackwell, Walker, Gray, Powers, Flick and Hoehl, a Partnership Engaged in the Practice of Law, Appellees.
Nos. 82-555, 82-559.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Rehearing Denied March 16, 1983.
Don G. Nicholson, Miami, and Nancy Little Hoffman, Fort Lauderdale, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Joanne V. Kacin, Miami, for appellees.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is taken from a final judgment of the Circuit Court, General Jurisdiction Division, which dismissed appellant's complaint. The contentions here are that the court erred in (1) dismissing the complaint where no adequate remedy existed in probate and the complaint alleged a cause of action for legal malpractice based on negligence or breach of contract, and (2) denying plaintiff's motion for leave to amend her complaint where additional facts *1154 could be alleged to show that she had no adequate remedy in probate.
An attorney preparing a will has a duty not only to the testator-client, but also to the testator's intended beneficiaries, who may maintain a legal malpractice action against the attorney on theories of either tort (negligence) or contract (as third-party beneficiaries). McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). However, liability to the testamentary beneficiary can arise only if, due to the attorney's professional negligence, the testamentary intent, as expressed in the will, is frustrated, and the beneficiary's legacy is lost or diminished as a direct result of that negligence. [e.s.] Ventura County Humane Society for the Prevention of Cruelty to Children and Animals, Inc. v. Holloway, 40 Cal. App.3d 897, 115 Cal. Rptr. 464 (1974). There is no authority  the reasons being obvious  for the proposition that a disappointed beneficiary may prove, by evidence totally extrinsic to the will, the testator's testamentary intent was other than as expressed in his solemn and properly executed will.[1]
From the face of the Amended and Recast Complaint, which was dismissed, and the Proposed Second Amended Complaint, which we have also considered, it is clear that there is a deficiency which cannot be cured by amendment. See Affordable Homes, Inc. v. Devil's Run, Limited, 408 So.2d 679 (Fla. 1st DCA 1982).
Affirmed.
NOTES
[1] There is no challenge here to testamentary capacity. Further, each page of the will was signed by the testator.