(No. 58167.—

JAMES ELVIN OGLE *et al.*, Appellants, v. LORRAINE FUITEN, Extr'x, *et al.*, Appellees.

*Opinion filed June 29, 1984.*

UNDERWOOD and WARD, JJ., took no part.

Costigan, Long & Young, of Springfield, for appellants.

Gary M. Peplow and David L. Requa, of Heyl, Royster, Voelker & Allen, of Springfield, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, James Elvin Ogle and Leland W. Ogle, ini-

tiated this action in the circuit court of Sangamon County against defendants, Lorraine Fuiten, as executrix of the estate of William F. Fuiten, and Robert G. Heckenkamp, who, under the name of Heckenkamp and Fuiten, had been associated with William F. Fuiten in the practice of law. In a two-count complaint plaintiffs alleged that William F. Fuiten had negligently drafted wills for Oscar H. Smith and Alma I. Smith, respectively an uncle and aunt of plaintiffs, and alternatively, that Fuiten failed to properly perform his contract with the Smiths to fulfill their testamentary intentions, and in so doing, failed to benefit the plaintiffs. Defendants moved to dismiss for failure to state a cause of action. The circuit court allowed the motion, and plaintiffs appealed. The appellate court reversed and remanded (112 Ill. App. 3d 1048), and we allowed defendants' petition for leave to appeal (87 Ill. 2d R. 315).

The appellate court summarized the allegations contained in the complaint as follows:

"Count I essentially alleges: (1) Testators employed defendant Fuiten and the law firm of Heckenkamp and Fuiten to prepare wills in accordance with the testators' intentions; (2) the wills were prepared; (3) neither testator intended their property to devolve by the law of intestate succession; (4) it was their intention that their property be left to plaintiffs if neither testator survived the other by 30 days; (5) this contingency occurred; (6) Fuiten owed plaintiffs the duty of ascertaining the testators' intentions in all foreseeable events and to draft wills which would effectuate these intentions; (7) Fuiten breached this duty and negligently drafted the subject wills; and (8) plaintiffs suffered damage as a direct result of this breach.

Count II essentially alleges the first five allegations noted above and additionally alleges: (6) the purpose of the employment of Fuiten and the firm was to draft wills not only for the benefit of testators, but for the benefit of these plaintiffs; (7) Fuiten and the firm were paid the

agreed consideration under the employment agreement; (8) Fuiten and the firm knew plaintiffs were intended beneficiaries of the wills and the employment agreement; (9) Fuiten and the firm had agreed to draft wills leaving the property to plaintiffs in the event neither testator survived the other by 30 days; (10) Fuiten breached this agreement in that the wills failed to fulfill the testators' intentions; and (11) plaintiffs suffered foreseeable, direct damage as a consequence of this breach." 112 Ill. App. 3d 1048, 1053.

The wills of Oscar H. Smith and Alma I. Smith contained the following provisions:

" 'SECOND: I give, devise and bequeath all of my estate, real, personal and mixed wheresoever situated to my wife, ALMA I. SMITH, if she [my husband, OSCAR H. SMITH, if he] shall survive me within thirty (30) days from the date of my death.

THIRD: I direct that if my wife, ALMA I. SMITH, [my husband, OSCAR H. SMITH] and I die in or from a common disaster that my estate be equally divided between my nephews, JAMES ELVIN OGLE, and LELAND OGLE, share and share alike.' " (*In re Estate of Smith* (1979), 68 Ill. App. 3d 30, 31.)

These wills were construed in *In re Estate of Smith* (1979), 68 Ill. App. 3d 30, and it was held that because Oscar Smith died suddenly of a stroke on April 10, 1977, and his wife, Alma, died 15 days later from a lingering cancer illness, and neither will contained any other dispositive provisions, their estates passed by intestacy to persons other than plaintiffs.

Because the judgment appealed from was entered upon allowance of defendants' motion to dismiss, all facts properly pleaded in the complaint must be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 96.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to re-

cover. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179; *Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128; *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305; *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 13; *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 287-88.

Conceding that under *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, privity is not a prerequisite to an action by a nonclient against an attorney, defendants argue that the complaint fails to allege a duty owed plaintiffs. They argue that the only duty owed by defendants was to provide each testator "with a valid testamentary instrument that disposes of the testators' property at his death in the manner expressly stated in his will." They argue that to permit persons unnamed in the will, or persons named with a precondition which fails to occur, to bring an action against the attorney "creates an unlimited and unknown class of potential plaintiffs." They contend, too, that in order to recover from an attorney, a nonclient must allege and prove "that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." (92 Ill. 2d 13, 21.) Defendants argue that under this "intent to directly benefit" test, plaintiffs' cause fails because the testators' intent, as defined in the will-construction action, shows that plaintiffs were to benefit only under certain circumstances which did not occur. Thus, defendants contend, the intent of the testators to benefit plaintiffs is not, as required by *Pelham*, "clearly evident."

Also citing *Pelham*, plaintiffs contend that they have alleged facts which show that the testators, in obtaining the services of the defendants in the preparations of the wills, intended to "directly benefit" plaintiffs and that, as held by the appellate court, they have stated a cause of action in both counts of the complaint.

In support of their argument that the complaint states a cause of action, plaintiffs cite a number of cases from

other jurisdictions. In *Heyer v. Flaig* (1969), 70 Cal. 2d 223, 449 P.2d 161, 74 Cal. Rptr. 225, an attorney was employed to draft a will, passing the client's entire estate to her daughters, but negligently failed to include a provision in the will specifically excluding the client's fiance. The client then married and thereafter died without changing her will. As a post-testamentary spouse, her husband claimed a portion of the estate. The California Supreme Court held the attorney liable to the daughters for failing to include in the will a provision excluding the prospective husband from any share in the estate, or to advise his client of the consequences of failing to so provide.

In *Lucas v. Hamm* (1961), 56 Cal. 2d 583, 364 P.2d 685, 15 Cal. Rptr. 821, the California Supreme Court indicated that an attorney might be held liable to the intended beneficiaries who had been damaged by the attorney's negligence, for the consequences of his negligent drafting of his client's will. The court, however, did not permit recovery because it determined that the attorney, in including in the will a provision which violated the rule against perpetuities, was not negligent.

Plaintiffs also cite to other jurisdictions which have permitted intended beneficiaries to recover from an attorney for his negligence in preparing a will or advising the testator. See *Licata v. Spector* (C.P. 1966), 26 Conn. Supp. 378, 225 A.2d 28 (will held invalid because of lack of statutory requisites as to attesting witnesses); *McAbee v. Edwards* (Fla. App. 1976), 340 So. 2d 1167 (erroneously advising testator that no change in her will necessary because of her marriage); *Succession of Killingsworth* (La. App. 1972), 270 So. 2d 196 (attorney's failure to comply with statute); *Auric v. Continental Casualty Co.* (1983), 111 Wis. 2d 507, 331 N.W.2d 325 (negligent failure to properly supervise execution and attestation of will).

Defendants attempt to distinguish these cases, contending that in each instance, unlike the situation here, the in-

tent of the testator was expressly shown by the will. Defendants argue that to state a cause of action plaintiffs should be required to show, from the express terms of the will, that the plaintiff was an intended beneficiary of the relationship between the defendant attorney and the testator. They argue that this would protect against a flood of litigation. Defendants have cited no authority which has applied the rule which they espouse, and we find no basis in the cases which we have examined for imposing such a requirement.

We agree with the appellate court that "the allegations of count I sufficiently state the traditional elements of negligence in tort and count II sufficiently states the traditional elements of a third-party beneficiary/breach of contract theory." (112 Ill. App. 3d 1048, 1053.) We note parenthetically that, unlike *Pelham,* the defendants' representation of the testators here was of a nonadversarial nature and consisted only of the drafting of the wills which plaintiffs alleged were for their benefit as intended beneficiaries. See *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 22.

Defendants contend that this action is an impermissible collateral attack upon the judicial determination of the validity of the testators' wills. Defendants' argument appears to be that because the wills were held valid, the question of the testators' intent has been settled, and plaintiffs may not now state a cause of action based on the allegation that the wills do not reflect the true intent of the testators.

In support of their position defendants cite *Robinson v. First State Bank* (1983), 97 Ill. 2d 174, and attempt to analogize the claim in *Robinson* that the testator's attorney, through tortious interference, had prevented the plaintiffs from receiving their inheritance to the allegations here that the testators' attorney, because of negligence or breach of contract, had prevented plaintiffs from receiving the testators' estates. In *Robinson,* holding that the action,

in effect, was a tardy will contest, this court affirmed the circuit court's dismissal of the action for tortious interference. Defendants argue that the present action necessarily assumes that the wills are invalid, without having been contested by plaintiffs on that ground within the statutory time.

We find *Robinson* distinguishable in that the basis for the plaintiffs' complaint was that the testator had been subject to the undue influence of her attorney. Claims of undue influence are properly raised in a will-contest action. (*Kula v. Sitkowski* (1946), 395 Ill. 167, 169.) In the present case, however, the basis for the plaintiffs' complaint is that, because of the attorney's negligence, the testators' true intent is not reflected in the wills. Thus, while the plaintiffs in *Robinson* had the opportunity to pursue their claims in a will-contest action, plaintiffs here had no similar opportunity to do so.

We note further that if plaintiffs here are successful in their action, the orderly disposition of the testators' property is not disrupted, and the provisions of the wills, and the probate administration, remain unaffected. On these facts, the present action is not a collateral attack on the wills.

Defendants have requested that if the cause is remanded the other pleading defects raised in their motion to dismiss, and not ruled upon here, be preserved. To the extent that any issues raised by the motion to dismiss are not resolved by this opinion, those issues are neither determined nor waived.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

UNDERWOOD and WARD, JJ., took no part in the consideration or decision of this case.