467 So.2d 315 (1985)
Olive LORRAINE, a Beneficiary under the Last Will and Testament of Cecil Johnson, Appellant,
v.
GROVER, CIMENT, WEINSTEIN & STAUBER, P.A., Marvin Weinstein, Individually, and INA Underwriters Insurance Company of Los Angeles, California (Inapro), a Foreign Corporation, Appellees.
No. 84-975.
District Court of Appeal of Florida, Third District.
February 5, 1985.
Rehearing Denied March 13, 1985.
*316 Fogle & Poole and Lewis H. Fogle, Jr., William Feldman, Miami, for appellant.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The plaintiff appeals a summary final judgment entered in favor of the defendants on a claim of legal malpractice in drafting a will. We affirm.
The facts relevant to this appeal are undisputed. In March 1981, Johnson, while in the hospital, contacted Weinstein, an attorney, to have a will drawn up. A phone conversation ensued between Johnson, Weinstein and Weinstein's secretary, in which the secretary took notes on Johnson's testamentary wishes. In conformity with these expressed wishes, a will was drawn up and executed. Johnson died of cancer two weeks after the will was executed.
Prior to his death, Johnson shared his residence with his mother (the plaintiff) and his minor son. The will contained a provision which left his mother a life estate in the residence with the remainder going to his sons. In the probate proceedings, however, it was determined that the residence was Johnson's homestead and consequently was not subject to devise.[1]See Art. X, § 4, Fla. Const.; § 732.401-.4015, Fla. Stat. (1981). It therefore passed directly to Johnson's children pursuant to section 732.401, Florida Statutes (1981).[2]
The plaintiff, Johnson's mother, instituted this suit against Weinstein, his law firm, and their insurer. The complaint alleges that due to Weinstein's negligence and lack of skill in drafting the will, the devise of the life estate in the residence to the plaintiff failed. Upon motion, the trial court *317 entered a summary final judgment in favor of the defendants. This appeal followed.
Generally, in a negligence action against an attorney, the plaintiff must prove: (1) the attorney's employment by the plaintiff (privity);[3] (2) the attorney's neglect of a reasonable duty owed to the plaintiff; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. Drawdy v. Sapp, 365 So.2d 461 (Fla. 1st DCA 1978); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). Florida courts have recognized, however, that an attorney preparing a will has a duty not only to the testator-client, but also to the testator's intended beneficiaries. In limited circumstances, therefore, an intended beneficiary under a will may maintain a legal malpractice action against the attorney who prepared the will, if through the attorney's negligence a devise to that beneficiary fails. DeMaris v. Asti, 426 So.2d 1153 (Fla. 3d DCA 1983); McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). Although it is generally stated that the action can be grounded in theories of either tort (negligence) or contract (third-party beneficiary), the contractual theory is "conceptually superfluous since the crux of the action must lie in tort in any case; there can be no recovery without negligence." McAbee, 340 So.2d at 1169 (quoting Heyer v. Flaig, 70 Cal.2d 223, 449 P.2d 161, 74 Cal. Rptr. 225 (1969)). In effect, McAbee and DeMaris have established a limited exception in the area of will drafting to the requirement of the first element (the privity requirement) in a legal malpractice action.
On this appeal, the plaintiff argues that Weinstein was negligent in not advising Johnson of the prohibition against devising homestead property and of possible alternatives. As the plaintiff suggests, it may have been possible to structure a conveyance to avoid the constitutional provision by having Johnson make an inter vivos transfer of a vested interest in the residence to her. It is also possible that Johnson might have wanted to devise some other comparable property interest to his mother if he had known of the constitutional prohibition or that the devise might fail. Perhaps it could even be said that Weinstein's failure to advise Johnson of these possibilities was a breach of duty owed to Johnson.[4] These possibilities, however, do not aid the plaintiff's cause here.
With regard to the first possibility, there is no indication in the record of any desire on the part of Johnson to make a transfer of any interest in the residence prior to his death. Even if such a desire did exist, however, any alleged negligence attributable to Weinstein's failure to advise Johnson concerning the possibility of an inter vivos transfer falls outside the limited exception established in McAbee to the privity requirement in legal malpractice actions. Generally, an attorney is not liable to third parties for negligence or misadvice given to a client concerning an inter vivos transfer of property. See Southworth v. Crevier, 438 So.2d 1011 (Fla. 4th DCA 1983); Drawdy. Since no privity existed between the plaintiff and Weinstein and no duty was owed to the plaintiff, this action cannot be maintained by the plaintiff on an alleged breach of duty owed solely to Johnson.
Under the limited exception to the privity requirement, this court has held that an attorney's
liability to the testamentary beneficiary can arise only if, due to the attorney's professional negligence, the testamentary *318 intent, as expressed in the will, is frustrated, and the beneficiary's legacy is lost or diminished as a direct result of that negligence.
DeMaris, 426 So.2d at 1154. The holding in DeMaris encompasses two concepts. First, for an action to fall within the exception, the testamentary intent that has allegedly been frustrated must be "expressed in the will." Second, the beneficiary's loss must be a "direct result of," or proximately caused by the attorney's alleged negligence.
In the present case, there is no indication that Johnson wished or intended any alternative property interest to pass to his mother under the will if the devise of the life estate in the residence failed. An intent to devise a comparable interest in other property upon the failure of the primary devise cannot reasonably be extrapolated from any of the provisions in Johnson's will. Furthermore, a disappointed beneficiary may not prove, by evidence extrinsic to the will, that the testator's testamentary intent was other than that expressed in the will.[5]DeMaris. In the instant case, Johnson's only testamentary intent expressed in the will that has been frustrated is his wish that his mother, the plaintiff, receive a life estate in his residence upon his death.[6]
An attorney will be liable to an intended beneficiary under a will only if the attorney's negligence in drafting the will or having it properly executed directly results in the plaintiff-beneficiary's loss. DeMaris, 426 So.2d at 1154. In the case at bar, the plaintiff alleges in her complaint, as *319 she must to fit within the exception to the privity requirement, that the devise of the life estate failed and, thus, Johnson's testamentary intent was frustrated, due to Weinstein's negligence in drafting the will. The probate court, however, determined that the residence was Johnson's homestead within the meaning of article X, section 4 of the Florida Constitution. Since Johnson was survived by a minor child, the homestead was not subject to devise. Art. X, § 4(c), Fla. Const.; § 732.4015, Fla. Stat. (1981). Accordingly, there was no means by which a will could have been drafted so that Johnson's testamentary intent, that a life estate in the homestead pass to his mother on his death, could have been accomplished. Cf. Johns v. Bowden, 68 Fla. 32, 66 So. 155 (1914) and Estate of Johnson, 397 So.2d 970 (Fla. 4th DCA 1981) (declaring invalid attempts (by means of trusts) to contravene the constitutional prohibition against testamentary disposition of homestead property). Johnson's testamentary intent was not frustrated by Weinstein's professional negligence, but rather by Florida's constitution and statutes.[7] Summary judgment for the defendants was therefore proper since any alleged negligence on the part of Weinstein in drafting the will could not have been the cause of the plaintiff's claimed loss.
Upon the foregoing analysis, the summary final judgment is affirmed.
DANIEL S. PEARSON, Judge, dissenting.
As I understand it, the majority opinion is bottomed on the legal premise that an attorney can be liable to an intended beneficiary under a will only if the beneficiary's loss resulted from the attorney's negligence in either drafting the will or seeing to its proper execution. Since here the will was indisputably composed in complete accordance with the testator's expressed wishes, and, of course, properly executed, it obviously follows, says the majority, that the appellant has no cause of action against the obedient scrivener. In other words, the majority declares the attorney to be immune from liability so long as, robot-like, he puts down on paper what the testator tells him to put down. And, according to the majority, if some law which was known or should have been known to the attorney prevents the testator's correctly recorded wishes from being carried out, it is the law, not the attorney, which has frustrated the testamentary intent.
I think it utterly indefensible to say that an attorney's failure to advise a testator that his desired devise is a nullity is any less negligent than an attorney's faulty draftsmanship or improper execution of a will. Whether a defendant can "be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct, and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." McAbee v. Edwards, 340 So.2d 1167, *320 1169 (Fla. 4th DCA 1976) (quoting from Biakanja v. Irving, 49 Cal.2d 647, 650, 320 P.2d 16, 19 (1958)). See Licata v. Spector, 26 Conn. Supp. 378, 225 A.2d 28 (C.P. 1966). The liability of an attorney to an intended beneficiary under a will exists because:
"[w]hen an attorney undertakes to fulfill the testamentary instructions of his client, he realistically and in fact assumes a relationship not only with the client but also with the client's intended beneficiaries. The attorney's actions and omissions will affect the success of the client's testamentary scheme; and thus the possibility of thwarting the testator's wishes immediately becomes foreseeable. Equally foreseeable is the possibility of injury to an intended beneficiary. In some ways, the beneficiary's interests loom greater than those of the client. After the latter's death, a failure in his testamentary scheme works no practical effect except to deprive his intended beneficiaries of the intended bequests. Indeed, the executor of an estate has no standing to bring an action for the amount of the bequest against an attorney who negligently prepared the estate plan, since in the normal case the estate is not injured by such negligence except to the extent of the fees paid; only the beneficiaries suffer the real loss... . [U]nless the beneficiary could recover against the attorney in such a case, no one could do so and the social policy of preventing future harm would be frustrated."

Heyer v. Flaig, 70 Cal.2d 223, 228, 74 Cal. Rptr. 225, 228-29, 449 P.2d 161, 164-65 (1969)
Not until today has any court suggested that an attorney's liability to an intended beneficiary of a will is limited to cases in which the attorney forgets or ignores the testator's specific instruction. Certainly, no important public policy is served by distinguishing between the negligence of an attorney who fails to do what the client has told him to do, and the negligence of an attorney who does what the client has told him to do in a negligent manner, or, as here, does what the client has told him to do, but fails to advise the client that what the client wants done cannot legally be done. Indeed, these latter forms of negligence are, as they should be, unhesitatingly recognized as actionable when brought by intended beneficiaries. See Heyer v. Flaig, 449 P.2d 161 (daughters, intended sole beneficiaries of estate, have cause of action against attorney who negligently failed to include in will provision to pretermit testator's "post-testamentary spouse"); Lucas v. Hamm, 56 Cal.2d 583, 15 Cal. Rptr. 821, 364 P.2d 685 (1961) (doctrine of privity no bar to cause of action against attorney by intended beneficiaries under will where testamentary trust created therein was declared invalid as violating rule against perpetuities; cause of action barred, however, because confusion surrounding rule against perpetuities prevents finding of negligence); Garcia v. Borelli, 129 Cal. App.3d 24, 180 Cal. Rptr. 768 (1982) (child and grandchildren of testator have cause of action against attorney who "negligently and carelessly advised decedent" that declarations in will referring to testator's property as "separate" and "community" sufficiently established the character of the property so as to make it subject to testamentary disposition); Bucquet v. Livingston, 57 Cal. App.2d 914, 129 Cal. Rptr. 514 (1976) (beneficiaries of inter-vivos trust have cause of action against attorney who failed to advise settlor that provision giving power of revocation to settlor's wife rendered nonmarital half of trust includable in wife's estate resulting in adverse tax consequences and ultimate financial loss to beneficiaries); McAbee v. Edwards, 340 So.2d 1167 (daughter, intended sole beneficiary of estate, has cause of action against attorney who allegedly misadvised testator that it was unnecessary to change will in order to pretermit husband, whom testator married after will was executed).[8]
*321 I am equally, if not more, disturbed by the majority's conclusion that because there is no expression in the will as to what is to happen upon the failure of the "primary" devise "expressed in the will," that therefore Mr. Johnson had no intent to provide for his mother if a life estate in the homestead could not be devised. The majority's insistence that the appellant is an intended beneficiary of the will only if she could receive a life estate in the homestead is unfounded. Plainly, Mr. Johnson's intent to make his mother a substantial beneficiary of his estate is discernible from the will, and the reason, of course, that the will contains no secondary or alternative devise to the mother is that the testator allegedly was never informed that any was necessary.
In Ogle v. Fuiten, 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224 (1984), the reciprocal wills of Alma and Oscar Smith gave the survivor the estate of the other, if the survivor survived more than thirty days, and, in a separate clause, gave their nephews, the Ogles, the entire estates in the event that the Smiths died in a common disaster. Alma Smith died of cancer fifteen days after her husband died of a stroke. Since the wills contained no other dispositive provisions, the estates passed by intestacy to persons other than the Ogles. The Ogles sued the attorney who prepared the wills, asserting, inter alia, that it was the testators' intention that their property go to the Ogles if, as happened, neither of the Smiths survived the other by thirty days.
The attorney argued that the Ogles could not prevail, "because the testators' intent ... shows that plaintiffs were to benefit only under certain circumstances [common disaster] which did not occur," and that, therefore, "the intent of the testators to benefit plaintiffs is not, as required, ... `clearly evident.'" Id. at 774, 466 N.E.2d at 226. He further argued that Heyer, Lucas, Licata, McAbee and the like, all permitting a cause of action by the intended beneficiary, were distinguishable on the ground that in each of those cases, "the intent of the testator was expressly shown by the will." Id. at 775, 466 N.E.2d at 227. The court, finding no authority supporting the rule urged by the attorney, rejected the attorney's argument.
The only possible justification for the requirement that the testamentary intent be "expressed in the will," see DeMaris v. Asti, 426 So.2d 1153, 1154 (Fla. 3d DCA 1983), is to guard against the onslaught of fraudulent claims. But where, as here, the claim is made by a person "whose benefit is so direct and substantial and so closely connected with that of the promisee [testator] that it is economically desirable to let [him or her] enforce it," Stowe v. Smith, 184 Conn. 194, 197, 441 A.2d 81, 83 n. 1 (1981) (quoting 4 A. Corbin, Contracts § 786 (Supp. 1971)), and, a fortiori, where, again as here, the will on its face shows an intent by the testator to provide shelter or its equivalent for his mother during her lifetime in the event of his death,[9] the envisioned horribles are of no concern, and there is thus no justification whatsoever to preclude the mother's action.[10]
Although it may be said that to permit a finding of liability in this case is to contribute to the progressive "assault upon the citadel of privity,"[11] it seems to me that to absolve the attorney is to take a giant step *322 backwards. See Licata v. Spector, 225 A.2d at 31. As one court has reasoned:
"First, neither of the rationales supporting the requirement of privity applies to the situation presented. This is not a case in which the ability of a nonclient to impose liability would in any way affect the control over the contractual agreement held by the attorney and his client, as the interests of the [testator] and the intended beneficiary with regard to the proper drafting and execution of the will are the same.[12] Additionally, this duty does not extend to the general public but only to a nonclient who was the direct and intended beneficiary of the attorney-client relationship.
"Second, it is obvious that `the main purpose of a contract for the drafting of a will is to accomplish the future transfer of the estate of the testator to the beneficiaries named in the will... .'"

Needham v. Hamilton, 459 A.2d 1060, 1062-63 (D.C. 1983) (footnote added; citations omitted).
Accordingly, I would reverse and remand for further proceedings.
NOTES
[1] There is no dispute over the determination that the residence was Johnson's homestead within the meaning of the Florida Constitution, and that it was not subject to devise because Johnson was survived by a minor child. Art. X, § 4(c), Fla. Const.; § 732.4015, Fla. Stat. (1981).
[2] It is apparent that either Johnson's spouse predeceased him or their marriage had been dissolved. Therefore, in accordance with the Florida Statutes, the homestead passed directly to Johnson's children. See § 732.401(1); § 732.103(1).
[3] Proof of this first element generally establishes that the attorney owes a duty to the plaintiff. The two principal justifications relied upon for the retention of the privity requirement in legal malpractice actions are: (1) to allow such liability without privity would deprive the parties to the contract of control of their own agreement; and (2) a duty to the general public would impose a huge potential burden of liability on the contracting parties. See generally Annot., 45 A.L.R.3d 1181.
[4] We make no determination as to whether Weinstein's action in the present case amounted to a breach of duty owed to his client. Such a determination is to be left to the finder of fact in an appropriate case.
[5] Declarations made by the testator concerning the disposition of his property are not admissible to show that he intended to dispose of his property in a particular manner not evidenced by the will.

While parol evidence is admissible for the purpose of interpreting something actually written in the will, it cannot be admitted for the purpose of adding to the will something which does not appear on the face of the instrument.
It is not the rule of evidence which excludes extrinsic facts in contradiction to a will, but rather the Statute of Wills. The statute of wills requires all testamentary conveyances to be in writing and executed with certain prescribed formalities. [footnote omitted]
1 T.A. Thomas & D.T. Smith, Florida Estates Practice Guide ch. 16, § 38 (1984). See § 732.502, Fla. Stat. (1981). The danger of perjury is the reason behind the statutory provisions which regulate wills and is also generally considered the reason for the rule which prohibits the use of evidence extrinsic to the will to prove a testator's intent. See 4 Bowe-Parker: Page on Wills § 32.9, at 271 (4th ed. 1961).
[6] The dissent would have us overrule a recent decision of this court which holds that in an action of this nature, the testamentary intent that has allegedly been frustrated must be expressed in the will. See DeMaris. The law is now established here and in most jurisdictions that an attorney becomes liable to a testamentary beneficiary only if the testamentary intent, as expressed in the will, is frustrated by the attorney's negligence and the beneficiary's legacy is lost or diminished as a direct result of that negligence. DeMaris. Accord Ventura County Humane Soc'y for Prevention of Cruelty to Children & Animals v. Holloway, 40 Cal. App.3d 897, 115 Cal. Rptr. 464 (Ct.App. 1974). See also supra note 5. While we recognize that the plaintiff was in fact an intended beneficiary of the decedent's will, she may recover under this theory only the deficit that results from a frustrated testamentary intent expressed in the will. To permit the plaintiff to prove that the testamentary intent was other than that expressed in the will not only would run contrary to the avowed purpose of the statute of wills to guard against fraud, but also would open the door to "the fabled triplets of conjecture, speculation and surmise," Pena v. Allstate Ins. Co., 463 So.2d 1256 (Fla. 3d DCA 1985) (Schwartz, C.J., dissenting), which have never entitled a litigant to affirmative relief.

While the court in Ogle v. Fuiten, 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224 (1984), relied upon by the dissent, rejected the rule that only the testator's intent, as expressed in the will, is relevant in a legal malpractice action brought by an intended beneficiary, the court's decision was premised on its failure to find any authority supporting such a rule. In the present case, we have not only found authority for the rule, but that authority is a prior decision of this very court. See DeMaris. Accord Holloway. See supra note 5. In addition, we note that it was conceded in Ogle that under Illinois law privity is not a prerequisite to an action by a nonclient against an attorney. 80 Ill.Dec. at 774, 466 N.E.2d at 226. See Pelham v. Griesheimer, 92 Ill.2d 13, 64 Ill.Dec. 544, 440 N.E.2d 96 (1982). Florida law, however, is to the contrary. In fact, this court has specifically held that in a legal malpractice action, the plaintiff must prove the attorney's employment (privity). Weiner, 271 So.2d at 219. Accord Drawdy.
[7] In this regard, McAbee is distinguishable. In McAbee a daughter sued her mother's attorney for the negligent preparation of the mother's will. The mother's testamentary intent, as expressed in the will, was that her entire estate go to the daughter. This intent was frustrated because the mother married after the execution of the will and on her death her husband claimed an interest in the estate as a pretermitted spouse. The mother had requested the attorney to redraft her will after her marriage so that the daughter would remain the sole beneficiary. The attorney advised her, however, that redrafting the will was not necessary. The court in McAbee held that the daughter could state a cause of action against the attorney. The attorney in McAbee could have drafted the will to avoid the husband's claim under the pretermitted spouse statute by inserting a provision in the will reflecting the testator's intent that the husband take nothing. This means of avoiding the pretermitted spouse's claim against the estate was provided for in the statute itself. See § 731.10, Fla. Stat. (1973). In contradistinction, there was no means by which Weinstein, the attorney in the present case, could have drafted the will to avoid the effect of Florida's statutes and constitutional provisions prohibiting the devise of homestead property.
[8] I concede that these cases, perhaps with the exception of Lucas, differ from the present case in that the attorneys there could have drafted wills which would have accomplished the testator's goal, while here no amount of will-drafting could have accomplished a testamentary devise of the homestead. But, unlike the majority, I think this difference is totally without legal significance.
[9] It is certainly fair to presume this to be the broader intent of the testator, which, but for the attorney's failure to advise the testator that his intended devise would fail under Florida's homestead laws, would have been expressed in the will.
[10] The majority concedes that the attorney's action or inaction, as the case may be, in this case may have amounted to a breach of duty to his client. See n. 4. Thus, it is only that the appellant does not come within an exception to the privity requirement, not the failure to allege negligence, that prevents the present action.
[11] Ultramares Corp. v. Touche, 255 N.Y. 170, 180, 174 N.E. 441, 445 (1931).
[12] Adams v. Chenowith, 349 So.2d 230 (Fla. 4th DCA 1977), recedes from the rule in McAbee to the extent that the interests of the parties are opposing.