524 So.2d 464 (1988)
John London ARNOLD, Appellant,
v.
Shirley CARMICHAEL and Margaret Frankenberg, Appellees.
No. BM-457.
District Court of Appeal of Florida, First District.
April 15, 1988.
*465 Grant Spinner, of Spinner & Hart, Jacksonville, for appellant.
William H. Maness, Jacksonville, for appellees.

ON MOTION FOR REHEARING
WENTWORTH, Judge.
Upon consideration of appellant's motion for rehearing, we withdraw and vacate our previous opinion. [Original opinion at 12 F.L.W. 576]. We substitute the following opinion to correct a factual misstatement and to clarify the basis for our decision. Appellees' motion for rehearing is denied.
This is an appeal from a final judgment awarding damages after non-jury trial of an action for negligence in preparing a will. Appellant raises several issues on appeal: 1) whether the appellees' complaint should have been dismissed for failure to state a cause of action; 2) whether the proximate and intervening cause of the appellees' loss was the testatrix's own actions; 3) whether parol evidence as to the testatrix's intent was admissible; 4) whether the appellees were interested parties incompetent to testify under the deadman's statute; 5) whether appellant's letter and affidavit stating the residuary clause was inadvertently omitted from the redrafted will should have been inadmissible as a matter of public policy; and 6) whether the court erred in computing the amount of damages sustained by the appellees. We reverse as to the amount of damages, and affirm as to all other points raised.
Appellees were the niece and grandniece of the testatrix, Evelyn Agnes Barker. Barker engaged the services of appellant to change Barker's will, which had been prepared by another attorney, to add a provision *466 leaving one dollar to each of four named persons and to eliminate the requirement that Frankenberg, as the personal representative of the estate, engage the services of the prior attorney to administer the estate. When Barker, accompanied by Frankenberg, returned to appellant's office to examine the redrafted will, appellant was not present. Appellant's secretary gave the redrafted will to Barker to read. Barker read the redrafted will, then executed it in the presence of two witnesses and placed it in a safe deposit box. Following Barker's death, Frankenberg and appellant discovered that the residuary clause contained in the former will had been omitted from the redrafted will. Under the residuary clause, appellees were named as beneficiaries in equal shares.
Frankenberg petitioned for an order to admit to probate the residuary clause from the prior will. In connection with that action, appellant provided an affidavit and a letter to Frankenberg's attorney, William Maness, stating that the residuary clause had been inadvertently omitted from the redrafted will he had prepared for Barker. The lower court denied the petition and this court affirmed in In re Estate of Barker, 448 So.2d 28 (Fla. 1st DCA 1984). Independent of the redrafted will, the residual estate passed by intestacy to eleven heirs of Barker. Appellees filed suit against appellant for professional negligence in redrafting the will, claiming damages equal to the amount they lost because of the omission of the residuary clause.
The elements of an action against an attorney for negligence have been defined to include: 1) the attorney's employment by the plaintiff (privity); 2) the attorney's neglect of a reasonable duty owed to the plaintiff; and 3) proof that such negligence resulted in and was the proximate cause of loss to the plaintiff. Lorraine v. Grover, Ciment, Weinstein and Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985). Appellees were not in privity with appellant. However, Florida courts have recognized a limited exception to the privity requirement to allow intended testamentary beneficiaries under certain circumstances to maintain malpractice actions against attorneys:
`When an attorney undertakes to fulfill the testamentary instructions of his client, he realistically and in fact assumes a relationship not only with the client but also with the client's intended beneficiaries. The attorney's actions and omissions will affect the success of the client's testamentary scheme; and thus the possibility of thwarting the testator's wishes immediately becomes foreseeable. Equally foreseeable is the possibility of injury to an intended beneficiary. In some ways, the beneficiary's interests loom greater than those of the client. After the latter's death, a failure in his testamentary scheme works no practical effect except to deprive his intended beneficiaries of the intended bequests.'
McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). Under this exception, liability may be found on the part of an attorney if, due to the attorney's professional negligence, testamentary intent as expressed in a will is frustrated, and the beneficiary's legacy is lost or diminished as a direct result of that negligence. Lorraine, supra; DeMaris v. Asti, 426 So.2d 1153 (Fla. 3d DCA 1983). The latter opinion, without specifying facts, noted the rule that a disappointed beneficiary may not prove "by evidence totally extrinsic to the will [that] the testator's testamentary intent was other than as expressed in his... will." Lorraine also repeats the DeMaris paraphrase of language permitting liability to testamentary beneficiaries "only if ... the testamentary intent, as expressed in the will, is frustrated."[1]
In the context before the court in Lorraine and DeMaris the proper concern *467 appears to be simply to limit or prevent liability (under the privity exception) based on evidence of testamentary intent in conflict with the express terms of a validly executed will. No such conflict is involved in the present case as explained below, and our examination of cases from other jurisdictions indicates that recovery under the privity exception has been allowed when an attorney's negligence results in absence of any validly executed will. Licata v. Spector (1966) 26 Conn. Supp. 378, 225 A.2d 28; Anno. 45 A.L.R.3d 1196-8. We need not, in any event, determine the full intended scope of the quoted language from DeMaris and Lorraine, since it is clear that neither case represents a decision on facts comparable to those in the present case.
The appellees do not seek to contradict any language expressing testamentary intent in the probated will, which was entirely silent as to the disposition of the residuary estate. The determination that the testatrix intended to pass that portion of her estate to appellees neither contradicts nor frustrates the language of the will itself. See, Hamilton v. Needham, 519 A.2d 172 (D.C.App. 1986), in which the court held that evidence extrinsic to the will was admissible to establish the testarix's intent and the attorney, who had omitted the residuary clause from a will, was liable to the intended beneficiaries. Here, as in Hamilton, the absence of a residuary clause, which is customary in a professionally drawn will, "is internal evidence within the will itself that something may be awry." Hamilton at 175-76, note 7. Cf. Ogle v. Fuiten, 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224 (1984), a malpractice action by intended beneficiaries against an attorney, in which the court stated that "the provisions of the wills, and the probate administration, remain unaffected," and thus "[o]n these facts, the present action is not a collateral attack on the wills." 80 Ill.Dec. at 775, 466 N.E.2d at 227.
In this case, appellant's affidavit supplied evidence independent of the testimony of the intended beneficiaries to show that the testatrix's intent was frustrated. Appellant argues that his affidavit should not have been admissible here because it was inadmissible in the probate action to prove the intent of the testatrix. In this malpractice action, the affidavit was relevant not only to the frustration of the testatrix's intent but also to the attorney's negligence. For that reason, the affidavit was properly admitted.
Although appellant was not present when his secretary gave the redrafted will to Barker, appellant clearly had a duty to read the will before allowing it to be turned over to his client. See Dillard Smith Const. Co. v. Greene, 337 So.2d 841 (Fla. 1st DCA 1976). The trial court properly concluded, upon evidence of appellant's failure to so instruct his secretary and his failure to read the will before allowing it to be turned over to Barker (or to correct his omission thereafter), that appellant's negligence was a proximate cause of the appellees' loss.
In computing appellees' damages, the court failed to deduct from the gross residuary estate $20,835 in payments made to the personal representative, accountant, hospital and attorneys. Appellees' damages properly equal the net residuary estate of $59,338.11, less $3,296.35 appellee Frankenberg received as an intestate share of the estate under the probated will.
The order is accordingly reversed and the cause remanded for recomputation of appellees' damages.
ZEHMER, J., and HALL, J. LEWIS, Jr., Associate Judge, concur.
NOTES
[1] Cf. Angel, Cohen & Rogovin v. Oberon Investment, N.V., 512 So.2d 192 (Fla. 1987), in which the court, referencing the narrow exception stated in Lorraine and DeMaris, and specifically rejecting expansion of the exception by application of the balancing test set forth in Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16 (1958), held that lack of privity barred a corporation's negligence action against a law firm, where the corporation was neither a client nor an intended third-party beneficiary of the client's contract with the firm.