526 So.2d 771 (1988)
Jessie O'NEILL, Florida National Bank, As Trustee under the Indenture of Trust of Rose Mary Wilson Austin 1974 Trust, Appellants,
v.
Charles P. SACHER, Individually and As Trustee, Charles P. Sacher, P.A., and Walton, Lantaff, Schroeder and Carson, Appellees.
Nos. 87-2513, 87-2514.
District Court of Appeal of Florida, Third District.
June 14, 1988.
Fox, Carpenter, O'Neill & Shannon and Bruce O'Neill, Milwaukee, Wis., Ridge & Crawford, Jacksonville, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Henry Burnett and Sheryll *772 Martens Dunaj and Ronald J. Marlowe, Miami, for appellees.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is brought from a summary judgment entered for a defendant-attorney on a claim by a trust beneficiary for professional negligence in drafting a trust instrument.
Rose Austin executed a will establishing a testamentary trust for her husband and designating her daughter, Jessie O'Neill, as the primary beneficiary of a pour-over trust. The daughter's trust instrument, the will, and a codicil to the will contained provisions regarding the maintenance expenses for a house located on Plantation Key, devised to O'Neill's benefit in fee simple, subject to an estate in the testator's husband so long as he lived there as a single man. Attorney Charles P. Sacher drafted the will, codicil, and trust instrument. Austin named Sacher and Florida National Bank as trustees for both her husband's and daughter's trusts.
After Mrs. Austin departed this life, her daughter, O'Neill, brought an action against the trustees for construction of the will. At issue in the litigation was which trust, the husband's or the daughter's, did Mrs. Austin intend to hold responsible for the upkeep of the Plantation Key residence while it was occupied by the husband. An order was entered finding the daughter's trust responsible for the expense of maintaining the house. That final order was affirmed in O'Neill v. Sacher, 451 So.2d 1032 (Fla.3d DCA 1984). The trial court also assessed attorney's fees against the daughter's trust.
Subsequently, the appellants initiated a professional negligence action against Sacher contending that his drafting error, which necessitated a lawsuit by O'Neill to clarify an ambiguity, resulted in damages to the daughter's trust in the amount of $50,000 in attorneys' fees. This appeal is brought from the summary judgment entered in favor of Sacher.
In DeMaris v. Asti, 426 So.2d 1153 (Fla. 3d DCA 1983), we recognized  as a narrow exception to the general requirement that an attorney has no duty to a non-client  that an attorney may be liable to a testamentary beneficiary where the testamentary intent, as expressed in the will, is frustrated due to professional negligence with a resulting loss or diminution of the beneficiary's legacy. Although the beneficiary's costly lawsuit was spawned by an ambiguity in the testamentary instruments, it was not established that imprecision in draftmanship caused a frustration of the testator's intent as expressed in the will and trust documents. Here, the trial court found that the trustees were properly carrying out the express intent of the testator to have her husband reside in the house without expense to him. We reject the appellant's efforts to expand the narrow exception and hold that where an ambiguity in testamentary instruments drafted by an attorney does not result in a frustration of testamentary intent there is no liability to a non-client.
Affirmed.