528 So.2d 45 (1988)
Thomas Lee DAVENPORT, Appellant,
v.
Dennis E. STONE, Appellee.
No. 87-496.
District Court of Appeal of Florida, Third District.
June 28, 1988.
Rehearing Denied August 3, 1988.
Edward C. Vining, Jr. and Thomas B. Scott, Miami, for appellant.
Stephens, Lynn, Chernay & Klein and Debra J. Snow and Robert Klein, Miami, for appellee.
Before HUBBART, BASKIN and JORGENSON,[*] JJ.
PER CURIAM.
In this appeal from adverse trial court rulings in his legal malpractice action, appellant Thomas Lee Davenport seeks review of Judgment on Counterclaim,[1] Final Judgment on Second Amended Counterclaim, and miscellaneous orders. We affirm for reasons other than those stated by the trial court. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979).
In the Final Judgment on Second Amended Counterclaim, the trial court declared Davenport's counterclaim "dismissed with prejudice on the grounds of collateral estoppel by virtue of the `Order Conferring [sic] Property Settlement Agreement' entered in the case of Davenport v. Davenport, Case no. 83-8974 FC 27 in the Circuit Court in and for Dade County, Florida." In Davenport v. Davenport, the trial court rejected Davenport's attempts to set aside his Property Settlement Agreement. In the case before us, Davenport then sought to place the blame for his failure to prevail on his attorney by seeking malpractice damages to recover for his "loss." However, the Davenport v. Davenport judge recited significant findings of fact:
A. The Husband is intelligent and educated (having a Ph.D), and was represented and fully advised at all stages by competent counsel of his choice.
B. The Husband actively participated in the negotiation of the settlement agreement and was totally and fully aware and competent of his actions.
C. The Husband, on two occasions, confirmed the settlement agreement:
1. on August 24, 1983 when both parties and their respective attorneys dictated their settlement to a court reporter  said transcript being made part of the record in the case; and
2. on September 13, 1983 when the terms of the settlement were reduced to writing and the Husband voluntarily *46 executed same before a Notary and witnesses in his attorney's office.
Those findings establish that Davenport suffered no loss and, consequently, has no cause of action. The elements of an action based on an attorney's negligent handling of a client's cause have been defined to include: 1) the attorney's employment by the plaintiff (privity); 2) the attorney's neglect of a reasonable duty owed to the plaintiff; and 3) proof that such negligence resulted in and was the proximate cause of loss to the plaintiff. Arnold v. Carmichael, 524 So.2d 464 (Fla. 1st DCA 1988); Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985). A trial court unequivocally determined that Davenport was "fully advised at all stages by competent counsel." Thus, suffering no loss or damages, Davenport may not maintain a lawsuit predicated on his attorney's incompetence.
Affirmed.
NOTES
[*] Judge Jorgenson did not participate in oral argument.
[1] The Final Judgment on Second Amended Counterclaim orders the Final Judgment on Counterclaim stricken.