794 So.2d 651 (2001)
Lori PASSELL, n/k/a Lori Miller, and Patricia Leafty, Appellants,
v.
Stephen G. WATTS, Appellee.
No. 2D00-628.
District Court of Appeal of Florida, Second District.
June 13, 2001.
Rehearing Denied August 27, 2001.
*652 Karol K. Williams and Allison M. Perry of Karol K. Williams, P.A., Tampa, for Appellants.
William S. Jonassen, Indian Rocks Beach, for Appellee.
PATTERSON, Chief Judge.
Lori Passell, n/k/a Lori Miller, and Patricia Leafty appeal from a final summary judgment in favor of Stephen G. Watts in this legal malpractice action. We reverse and remand for further proceedings.
In 1994, Watts, a Florida attorney, prepared a trust instrument with Jesse and Margaret Beery as grantors. The trust provided that, upon the Beerys' death, the residual beneficiary of the remaining assets was their son, James Lee Beery. In the event James Lee Beery predeceased the survivor of Mr. and Mrs. Beery, the assets were then to be devised as follows: (a) 20% to Lori Passell; (b) 40% to Debbie Passell; (c) 20% to Patricia Leafty; and (d) 20% to Christ Presbyterian Church (the Church). Upon the death of either Mr. or Mrs. Beery, the trust became irrevocable and not subject to amendment. The survivor, however, as the surviving trustee, had the absolute right to dispose of any or all of the trust assets in any manner in which he or she determined to be in his or her best interests. In other words, the survivor could in effect terminate the trust by simply transferring the assets elsewhere. Both Mrs. Beery and her son predeceased Mr. Beery.
Thereafter, in 1996, Mr. Beery expressed a desire to change the residual beneficiaries of the trust. Watts prepared an amendment deleting the Church and increasing the appellants' shares from 20% to 30%. In 1997, Mr. Beery died. By way of some process or proceeding which is not reflected in this record, the Church demanded and received its 20% interest provided in the original trust instrument. The appellants' respective shares were then reduced to the original 20% each. This lawsuit followed.
Intended third-party beneficiaries of testamentary documents have standing to bring an action for legal malpractice "if they are able to show `that the testator's intent as expressed in the will is frustrated by the negligence of the testator's attorney.'" Hare v. Miller, Canfield, Paddock & Stone, 743 So.2d 551, 553 (Fla. 4th DCA 1999) (quoting Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378, 1380 (Fla.1993) (emphasis omitted)). In Hare, the court held that the third-party beneficiary of a trust *653 amendment had standing in a legal malpractice action against the settlor's attorney. Similarly, the appellants in this case have standing to maintain their action against Mr. Beery's attorney. Here, Mr. Beery's intent was two-fold-first, to delete the Church as a residual beneficiary and, second, to increase the appellants' shares. The evidence the court had before it on the motion for summary judgment supports the conclusion that Mr. Beery's intent was frustrated by Watts' preparation of an invalid amendment to a trust which Watts had drafted in the first instance.
Watts relies on Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985). In that case, the court held that the constitutional and statutory bar against devising homestead property was the proximate cause of the plaintiff's damages, rather than the attorney's negligence in drafting a will provision that provided for such a prohibited devise to the plaintiff. The court stated:
Accordingly, there was no means by which a will could have been drafted so that Johnson's testamentary intent, that a life estate in the homestead pass to his mother on his death, could have been accomplished. Johnson's testamentary intent was not frustrated by [his attorney's] professional negligence, but rather by Florida's constitution and statutes. Summary judgment was therefore proper since any alleged negligence on the part of [the attorney] in drafting the will could not have been the cause of the plaintiffs claimed loss.
Id. at 319 (citation and footnote omitted). Watts analogizes the provision in the original Beery trust prohibiting amendments to the constitutional bar in Lorraine as the proximate cause of the frustration of Mr. Beery's testamentary intent. Although there is an apparent similarity, there is a distinction which renders Lorraine inapplicable. The testator's intent in Lorraine was a devise of homestead which could not be accomplished. In this case, Mr. Beery's intent was the devise of money, if any remained, which could have been accomplished by simply removing the assets from the trust and devising them by a will or using them to fund a new trust. Therefore, we reverse the final summary judgment in favor of Watts and remand for further proceedings.
Reversed and remanded.
PARKER and DAVIS, JJ., Concur.