GEORGE A. KALKOUNOS, Plaintiff-Appellant, *v.* FOUR K'S, INC., *et al.*, Defendants-Appellees.

First District (1st Division) No. 79-2342

Opinion filed March 30, 1981.

Walter, Zelden, Birndorf & Goldberg, of Chicago (Alfred M. Walter and Jerome J. Zelden, of counsel), for appellant.

Ash, Anos, Harris & Freedman, of Chicago (George J. Anos, Bruce T. Logan, and Dennis L. Hudson, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County denying specific performance for plaintiff, George A. Kalkounos, in an alleged contract between plaintiff and the defendants, Four K's, Inc., Ted Katsenios, Anthony Komotos and Harry Katsenios (hereinafter called defendants).

Plaintiff claimed that he was an incorporator of the defendant corporation and as such was entitled to one-fourth of all outstanding shares of stock in the defendant corporation, but was wrongfully denied shares of stock by the defendants. Defendants' motion to dismiss plaintiff's amended complaint was granted pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), and plaintiff appeals from the order dismissing his amended complaint.

Plaintiff's amended complaint alleges that on December 5, 1977, plaintiff and the three individual defendants acted as incorporators of the defendant corporation and caused articles of incorporation to be issued for

said corporation by the Secretary of State of Illinois. Subsequently, the plaintiff allegedly tendered the sum of $250 as "his shares" of the stock to be issued. However, his tender was refused by the individual defendants, through notice from their attorney that the plaintiff was "out of the deal."

The amended complaint asked for, *inter alia*, a mandatory injunction against the defendants, requiring them to accept $250 from the plaintiff and to issue plaintiff one-fourth of all of the outstanding shares of the capital stock of the defendant corporation.

Defendants' motion to dismiss the failure to state a cause of action was sustained by the trial court. After plaintiff's amended complaint was stricken, plaintiff elected to stand on his amended complaint and requested the dismissal order be made final and appealable.

The plaintiff cites the Illinois Business Corporation Act which provides, in pertinent part, as follows:

> "A corporation may be organized under this Act by one or more incorporators, who shall be subscribers to its shares, by signing and filing in duplicate in the office of the Secretary of State the articles of incorporation of such corporation * * *." (Ill. Rev. Stat. 1977, ch. 32, par. 157.46.)

Plaintiff argues that if incorporators shall be subscribers then there is a presumption that the plaintiff was a subscriber.

Plaintiff also cites section 16 of the Illinois Business Corporation Act which provides, in part, as follows:

> " * * * The filing of the articles of incorporation by the Secretary of State shall constitute acceptance by the corporation of all existing subscriptions to its shares, and thereupon subscribers for shares, or their assigns, shall be deemed to be the shareholders of the corporation, and the corporation shall have the right to enforce such subscriptions in its own name * * *." Ill. Rev. Stat. 1977, ch. 32, par. 157.16.

■■ The law is clear in Illinois that it is essential in pleading the existence of a valid contract for the pleader to allege facts sufficient to indicate the terms of the contract. *In re Estate of Holder* (1976), 42 Ill. App. 3d 35, 355 N.E.2d 333; see *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

Plaintiff's amended complaint alleges that although a subscription agreement was not submitted to him for his signature, "* * * he was always, and is now, ready willing and able to execute such a subscription agreement * * *." The plaintiff fails to allege or identify the parties to the purported agreement and the terms of any such agreement. Plaintiff offers to tender $250 and requests a "proportionate share" of the stock which he claims is one-fourth of the capital stock of the corporation. Plaintiff does not allege that the individual defendants agreed with him to

organize a corporation on that basis nor that it was actually organized on a similar basis. He does not allege any agreement with the corporation or its agents, nor does he allege a value of the stock demanded. Fairly read, plaintiff's amended complaint fails to allege the substance of any agreement made with any of the defendants.

■■ Before a court may grant specific performance of a contract, it must find that the terms of the contract are clear, definite and unequivocal. (*Blaise v. Stein* (1979), 75 Ill. App. 3d 793, 394 N.E.2d 836.) The contract must be so definite and certain in its terms that the court can require the specific thing contracted for to be done. (*Kopprasch v. Satter* (1928), 331 Ill. 126, 162 N.E.141.) As stated by the Illinois Supreme Court in *White v. Lang* (1948), 401 Ill. 219, 223, 81 N.E.2d 897, "* * * In specific performance it is the province of the court to enforce the contract which the parties have made and not to make a contract for them and then enforce it."

■■ As previously stated, plaintiff's amended complaint claims an agreement or contract existed but fails to allege the parties to the agreement or the terms of any such agreement. Defendants' motion to strike and dismiss plaintiff's amended complaint specifically states that said amended complaint makes no allegations that plaintiff was or is entitled under any agreement to purchase any shares in Four K's, Incorporated for any dollar amount. Because plaintiff's amended complaint fails to allege any contractual right to the shares he demands, or other relief, the court below properly granted defendants' motion.

For the above and foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.