MORT A. SEGALL, Plaintiff-Appellant, v. JEROME BERKSON *et al.*, Defendants-Appellees.

Fourth District   No. 4—83—0837

Opinion filed December 30, 1985.

Segall Law Offices, P.C., of Champaign, for appellant.

Mary A. Perlstein, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

This is an appeal from an order dismissing appellant Mort Segall's fifth amended complaint alleging legal malpractice and breach of a contract to provide legal services on the part of defendant Jerome Berkson, individually, and Miles Beerman, Nathan Swerdlove, William Woloshin, Lawrence Barezky, and Berkson, "d/b/a a partnership." The gravamen of Segall's contentions is alleged deficiencies in defendant

Berkson's representation of Segall in a dissolution of marriage case.

The salient allegations of the first count of Segall's complaint are that (1) at the relevant times, defendant James Berkson was a licensed, practicing attorney who represented himself as "possessing special expertise in the handling of divorce, custody and related domestic relations cases"; (2) on or about July 23, 1980, Segall employed Berkson to represent him in Champaign County cause No. 78—C—826 wherein Segall was a named respondent, which relationship continued until October 28, 1981, at which time Berkson withdrew as Segall's attorney; (3) in representing Segall, it was Berkson's duty to possess and apply the knowledge and use the skill and care that was ordinarily used by lawyers holding themselves out as possessing special expertise in the handling of divorce, custody, and related domestic relations cases "in like or similar cases and in like or similar localities"; and (4) in representing Segall, Berkson was negligent in various respects, which resulted in Segall sustaining damages. The paragraph containing the allegations of negligence consists of 30 separately lettered subparagraphs, one of which comprises a list of 25 documents which Berkson allegedly failed to file with respect to the dissolution of marriage action. A recitation of all of the alleged acts of negligence would at this point serve no useful purpose; reference will later be made to those which we deem most relevant to our decision.

In the second count, Segall repeated the allegations of the first count that Berkson held himself out as an attorney skilled in the domestic relations field and that Segall employed Berkson to represent him in Champaign County cause No. 78—C—826. Segall further alleged that (1) he paid Berkson a $6,000 retainer to be applied toward Berkson's fees and costs incurred in representing Segall; (2) the alleged contract imposed upon Berkson duties to do all those things normally associated with the representation of a client in ongoing litigation (these duties are described in great detail); (3) Berkson breached this agreement; and (4) Segall is entitled to various damages as a result of Berkson's breaches of contract. The breaches of contract alleged in this count are the same acts which form the basis for the negligence allegations contained in count I; Segall incorporated them into count II by reference to count I.

Following a hearing, the circuit court dismissed with prejudice Segall's fifth amended complaint. As the basis for its decision, the court stated that it regarded the allegations of the complaint, "if not evidentiary, as simply mere conclusions"; that "the Complaint lacks, in other words, the basic premises which are necessary to state a good cause of action"; and that the court "looks for a plain and concise

statement of a cause of action." In the view of the trial court, the defendants "raised the objections that are cognizable by the Court in testing a Complaint." Segall appeals.

I

The defendants assert that we should affirm the trial court's decision as to count I of Segall's fifth amended complaint for most of the same reasons stated in their motion to strike and dismiss that complaint filed in the circuit court. The portions of this motion relevant to the points which defendants argue on appeal allege that count I generally does not state a cause of action, is argumentative, and contains conclusions of fact. The defendants specifically allege: (1) Count I does not contain the appropriate "standard of care for a purported legal malpractice action"; (2) the paragraphs alleging breaches of duty on the part of Berkson, and Segall's damages, are "replete with argumentative statements and conclusions of fact"; (3) the paragraph alleging Berkson's acts of negligence contains conclusions of law; (4) Segall did not allege that his damages would not have been sustained "but for" Berkson's negligence; and (5) the count contains an impermissible claim for damages premised on Segall's alleged emotional distress resulting from Berkson's alleged negligence.

■ A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) In order to survive a motion to dismiss, a complaint must allege facts which, when considered together, establish and substantiate the cause of action which the plaintiff seeks to state. Factual conclusions based on previously alleged facts may be considered in determining whether a proper factual basis for a cause of action is alleged, but conclusions of fact unsupported by allegations of the specific facts on which they rest, as well as conclusions of law and argumentative matter, are irrelevant in making that determination. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976; *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 151 N.E.2d 819.

■ In order to state a cause of action for negligence, a plaintiff must allege a duty, a breach of that duty, and proximate causation of compensable injury. (*Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 445 N.E.2d 1344, *aff'd* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) Attorneys have a duty to exercise a reasonable degree of care and skill in representing their clients. In determining whether specific conduct

amounts to a breach of that duty, due regard must be accorded the distinction between negligence and mere errors of judgment. *Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller* (1979), 75 Ill. App. 3d 516, 394 N.E.2d 559.

We first consider whether count I alleges the proper standard of care. We believe that it does. To be sure, Segall alleged that Berkson had a duty to use the degree of skill and care ordinarily used in like or similar cases and localities by attorneys holding themselves out as domestic relations experts, and neither an area of specialization nor a locality rule is presently included in the Illinois standard of care applicable to attorneys. However, the standard of care stated necessarily encompasses a duty on the part of Berkson to exercise a reasonable degree of care and skill on Segall's behalf. (*Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller* (1979), 75 Ill. App. 3d 516, 394 N.E.2d 559.) The allegations of a higher standard of care are mere surplusage, and the inclusion of surplusage does not provide a basis for dismissal of a complaint containing all of the factual allegations necessary to state a cause of action. (*In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464.) Although count I refers to the applicable standard of care as the "skill and care that is ordinarily used by lawyers," we deem this language the practical equivalent of the standard of "a reasonable degree of care and skill" set out in *Schmidt*.

Bearing in mind the principle that no cause should be dismissed on the pleadings unless it clearly appears that no set of facts allowing the plaintiff to recover can be established (*Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 445 N.E.2d 1344, *aff'd* (1984), 102 Ill. 2d 356, 466 N.E.2d 224), we are of the opinion that there is no basis for saying that Segall's complaint does not properly allege negligent actions on the part of Berkson in representing Segall in his dissolution of marriage case. In our view, the following factual allegations, if proved at trial, would be sufficient to establish that in representing Segall, Berkson did not exercise a reasonable degree of care and skill:

(1) failure to file a motion, emergency motion and supplemental motion to modify temporary custody orders, as well as a request for the names of experts and other witnesses (subparagraph 6(a), items (1), (2), (17), and (18)),

(2) failure to depose various named and unnamed witnesses, which resulted in Berkson's being "unprepared for trial on the issues presented" (subparagraph 6(b)),

(3) failure to conduct appropriate and necessary research on subjects such as "child custody, visitation, support" and "mari-

tal and non-marital property" (subparagraph 6(d)),

(4) failure to interview Segall's accountant to determine the extent of Segall's assets and liabilities (subparagraph 6(e)),

(5) failure to interview or depose various additional named witnesses, whose testimony would have enabled Segall to prove that he was entitled to custody of his minor child, and that his former wife was unfit to have custody (subparagraph 6(e)),

(6) failure to advise Segall of the status of the litigation and more particularly, failure to advise Segall of settlement offers made by or to his former wife (subparagraph 6(g)), and

(7) failure to offer any evidence or argument as to Segall's net worth or the issue of child custody on a date that the court heard evidence for the purpose of making a final determination as to permanent child custody and property rights (subparagraph 6(bb)).

The defendants further argue that count I does not properly assert that Segall's damages *would* (as opposed to *could*) have been averted *but for* their alleged negligence. Paragraph 7 of count I, which alleges Segall's damages, begins with the statement,

"That as a direct and proximate result of the foregoing negligence, and breach of duty on the part of defendants, the plaintiff suffered damage in that: ***."

There follows seven separately lettered subparagraphs which allege the elements of Segall's damages. Two of these subparagraphs conclude with the words, "all of which could have been avoided but for the negligence of defendants."

■ With regard to the "but for" facet of this argument, the above-quoted prefatory language is equivalent to a statement that the damages would not have occurred "but for" the alleged negligence. With respect to the contention that the complaint improperly alleges that certain of the damages *could* (as opposed to *would*) have been avoided but for Berkson's negligence, the exordial language quoted above sufficiently states the causal connection between the alleged negligent acts and injuries. No further assertion to the effect that the alleged injuries would not have occurred but for the defendants' negligence is necessary. It follows that the language stating that certain injuries *could* have been avoided but for the defendants' negligence is surplusage, and does not provide a basis for saying that count I does not state a cause of action. *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464.

■ We agree, however, that the portions of count I alleging that Segall suffered emotional distress as a result of his difficulties in ob-

taining visitation of his minor son, his failure to obtain permanent custody of his minor son, and the entry of a $90,000 judgment against him should have been stricken. Although the physical impact prerequisite to recovery of damages for emotional distress has now been replaced by the zone of physical danger rule (*Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1), this change in the law has been held insufficient to provide a basis for recovery of damages for alleged emotional distress caused solely by the negligent performance of legal work (*Maere v. Churchill* (1983), 116 Ill. App. 3d 939, 452 N.E.2d 694).

Finally, the defendants' motion to strike and dismiss states with respect to count I:

> "That Paragraph 6 [which states Berkson's alleged negligent acts] of Count I of the Fifth Amended Complaint and each of its subparagraphs is replete with argumentative statements and conclusions of fact and of law and should be stricken."

Using quite similar language, the defendants contend that paragraph 7 of count I (which describes Segall's alleged damages) contains argumentative statements and conclusions of fact. Neither the defendants' motion to strike and dismiss nor the defendants' appellate brief specifies which of the 30 subparagraphs of paragraph 6 or which of the seven subparagraphs of paragraph 7 are conclusory, which subparagraphs are argumentative, or which subparagraphs are both conclusory and argumentative.

■ Motions objecting to pleadings must "point out specifically the defects complained of." (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(1); see *People ex rel. Pope County v. Shetler* (1943), 318 Ill. App. 279, 47 N.E.2d 732; *Hitchcock v. Reynolds* (1935), 278 Ill. App. 559 (motion which fails to allege facts demonstrative of alleged defects in pleading is insufficient in law and should not be entertained by the court).) Failure to posit objections to pleadings in this manner results in waiver of the objections. See *Carmack v. Great American Indemnity Co.* (1948), 400 Ill. 93, 78 N.E.2d 507.

■ The above rules are grounded in principles of sound judicial administration. Response to and evaluation of nonspecific objections such as those propounded by the defendants with respect to Segall's complaint is extremely difficult for opposing counsel, the trial court, and courts of review. It is not the function of this court (nor of the circuit court) to search each of a multitudinous number of subparagraphs for argumentative or conclusory matter. Rather, determination of the question of whether a complaint contains such matter requires that the language claimed to be objectionable be set out or specifically

described in both motions filed in the trial court and briefs filed in this court. The defendants have, therefore, waived their objections that count I of Segall's complaint contains argumentative and conclusory matter.

In sum, we hold that count I of Segall's fifth amended complaint contains all the elements necessary to state a cause of action for legal malpractice, but includes an improper claim for damages premised on Segall's alleged emotional distress. Therefore, with respect to count I, we reverse the circuit court's order dismissing Segall's complaint and remand the cause for further proceedings. On remand, the circuit court is to strike the portion of count I requesting damages for emotional distress.

## II

The defendants also allege that argumentative and conclusory matter is contained in count II of Segall's complaint. The defendants further assert that that count does not allege all of the elements necessary to state a cause of action for breach of contract. We agree with the latter contention.

To state a cause of action for breach of contract, a plaintiff must allege the existence of a contract, the plaintiff's performance of all contractual obligations required of him or her, the facts constituting the alleged breach, and the existence of damages resulting from the breach. Also, the existence of the contract must be detailed by stating facts constituting an offer, acceptance, and consideration. (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 428 N.E.2d 1028.) Finally, the principal terms of the contract must be alleged. *Kalkounos v. Four K's, Inc.* (1981), 94 Ill. App. 3d 1011, 419 N.E.2d 503.

In our view, count II does not contain two of the elements necessary to state a cause of action for breach of contract. First, Segall did not state the amount of compensation due Berkson for his services other than alleging the payment of a $6,000 retainer. The terms of the contract obviously must have provided for some compensation to Berkson in addition to payment of the retainer. Count II therefore does not allege all of the essential terms of the purported contract.

Second, Segall does not allege that he performed all of his obligations under the purported contract. The statement that he paid the $6,000 retainer does not amount to such an allegation, because of the probability of the contract's containing additional provisions relating to Berkson's compensation. If Segall indeed felt that he owed

Berkson no further amount for services performed, he should have included in count II a statement that he had tendered Berkson all performance due under the contract. Therefore, the circuit court's order of dismissal was not erroneous with respect to count II of Segall's fifth amended complaint.

### III
The circuit court's order of dismissal is reversed in part with respect to count I of Segall's fifth amended complaint and affirmed with respect to count II of that complaint. The cause is remanded for further proceedings as to count I consistent with the views expressed herein.

Reversed in part, affirmed in part, and remanded with directions.

WEBBER and GREEN, JJ., concur.