FLAUM, Circuit Judge.
 

 Appellant Alan Falconer appeals the district court’s denial of his motion for recusal of the district judge and the order granting summary judgment that dismissed his legal malpractice claim against the defendant. We affirm the district court on both grounds.
 

 I.
 

 The defendant attorney handled a partnership dissolution for the plaintiff and Larry West. The partnership was dissolved by an agreement dated December 9,
 
 *74
 
 1980, which provided for the sale of West’s interest in the partnership assets to Falconer. The agreement provided that Falconer would retain the partnership real estate, assume the partnership liabilities, including mortgages on the real estate, and pay West a certain amount for West’s interest in the partnership.
 

 The defendant, Meehan, had served as the attorney for the partnership. He also represented Falconer in the dissolution negotiations and drafted the dissolution agreement. Meehan has represented West since the dissolution of the partnership.
 

 The dissolution agreement (“the Agreement”), to secure Falconer’s performance, required Falconer to deposit the quitclaim deeds to the partnership real estate in escrow naming West as grantor. The es-crowee was City National Bank of Metropolis (“the Bank”). The terms of the agreement required that West was to receive the deeds in the event of Falconer’s default. The Agreement also provided that Falconer could cure a default within the sixty days after service of written notice by West. In 1981 Falconer defaulted on the mortgage payments that were required under the dissolution agreement. West properly gave notice and the escrowee delivered the deeds conveying the real estate to West after Falconer failed to cure his default.
 

 Falconer commenced an action on April 3, 1981 in Pulaski County Circuit Court seeking either rescission or reformation of the agreement on the ground that the forfeiture provisions were either “an error of the scrivener” or unconscionable. Both West and the City National Bank of Metropolis were named as defendants. The Bank was sued only in its capacity as an escrowee in order to prevent it from releasing the deeds conveying the property to West in accordance with the agreement.
 

 The Pulaski County litigation was removed to the Bankruptcy Court for the Southern District of Illinois following Falconer’s filing a Chapter 11 petition. The bankruptcy court made several relevant findings of fact:
 

 1. The Agreement was prepared by Falconer’s attorney, Meehan, and each party’s attorney explained it to his client.
 

 2. There was no mistake of fact in the contract.
 

 3. The Agreement provided that Falconer could cure his default within 60 days after he received West’s written notice of his default.
 

 Falconer appealed the bankruptcy court’s decision to the district court. Judge Foreman issued an order dismissing the appeal for failure to follow procedural rules.
 

 A.
 

 The present action was filed in the Southern District of Illinois under 28 U.S.C. § 1332. Falconer filed a malpractice claim against Meehan arguing Meehan was negligent in three respects: (1) Meehan omitted from the dissolution agreement a provision allowing Falconer to cure a default prior to forfeiture of his interest; (2) Meehan failed to explain the meaning of the agreement to Falconer so that Falconer did not understand the risks of forfeiture; and (3) Mee-han represented Falconer in connection with the dissolution after having previously done legal work for the partnership. The defendant moved for summary judgment on all issues. On June 3, 1985, Judge Foreman granted the motion.
 

 The district court found that Falconer was collaterally estopped from asserting both that the Agreement did not contain a cure provision and that Meehan had not explained the risk of forfeiture. The district court held that these issues were before the bankruptcy court in the prior litigation, and that court had decided these issues adversely to Falconer. Furthermore, the district court found that Mee-han’s representation of Falconer after having been counsel to the partnership did not create a conflict of interest.
 

 H.
 

 The plaintiff-appellant first contests the order granting summary judgment in favor of the defendant. Summary judgment is,
 
 *75
 
 of course, proper only in situations where there exist no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The burden of establishing the lack of a genuine issue of material fact is on the party moving for summary judgment.
 
 Korf v. Ball State University,
 
 726 F.2d 1222, 1226 (7th Cir.1984). The court must view the evidence, and the inferences therefrom, in the light most favorable to the party opposing summary judgment.
 
 Yorger v. Pittsburgh Corning Corp.,
 
 733 F.2d 1215 (7th Cir.1984). Once a moving party has met its initial burden the opposing party must “set forth specific facts showing that there is a genuine issue for trial” and that the disputed fact is material.
 
 Posey v. Skyline Corp.,
 
 702 F.2d 102, 105 (7th Cir.),
 
 cert. denied,
 
 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).
 

 In the present case, the district court found that no issue of material fact existed and granted summary judgment. For the reasons set forth below we affirm.
 

 A.
 

 The present suit is one for legal malpractice. In Illinois a cause of action based upon legal malpractice is “a tort action for negligence premised upon a breach of an attorney’s duties to the client.”
 
 Gruse v. Belline,
 
 138 Ill.App.3d 689, 93 Ill.Dec. 297, 301, 486 N.E.2d 398, 402 (1985). An attorney will be held liable to his or her client when he or she fails to exercise the degree of care and skill the situation requires.
 
 Smiley v. Manchester Insurance & Indemnity Co. of St. Louis,
 
 71 Ill.2d 306, 16 Ill.Dec. 487, 375 N.E.2d 118 (1978);
 
 Schmidt v. Hinshaw, Colbertson, Moelmann, Hoban & Fuller,
 
 75 Ill.App.3d 516, 31 Ill.Dec. 357, 394 N.E.2d 559 (1979). The amount of care required is a question of fact.
 
 Schmidt,
 
 31 Ill.Dec. at 361, 394 N.E.2d at 563. The flip side of these rules is that a mere error in judgment is not actionable.
 
 Segal v. Berkson,
 
 139 Ill.App.3d 325, 93 Ill.Dec. 927, 487 N.E.2d 752 (1985).
 

 Falconer steadfastly asserts that the defendant was negligent. However, the precise grounds upon which his claim stands are not clear. Because there is “no such thing as negligence in the abstract,”
 
 Palsgraf v. Long Island R. Co.,
 
 248 N.Y. 339, 162 N.E. 99, 102 (1928) (Andrews, J., dissenting), it is necessary to distill from plaintiffs complaint the underlining bases of his negligence claim. Plaintiffs general allegation that the Agreement was “negligently drafted” requires more specificity in order to overturn the summary judgment order.
 

 Falconer first argues that the Agreement was negligently drafted because it contained no cure provision. Although the dissolution agreement is far from being a model of good draftsmanship, it is clear that it does permit Falconer to cure his default. The bankruptcy court, in finding of fact 9, stated that “the agreement provided that upon default by the buyer, all payments would be forfeited ... provided that the seller had given buyer (60) days written notice to cure the default under the contract.”
 
 In re Falconer,
 
 Nos. 81-0208, 0240, 0246 (Bankr.S.D.Ill.1981) (unpublished order). Judge Foreman found this to be a reasonable construction of the contract and we do not find it to be clearly erroneous.
 
 See
 
 Fed.R.Civ.P. 52(a).
 

 Plaintiffs second basis for alleging negligence is that Meehan did not advise Falconer of the contents of the agreement. This precise issue was brought before the bankruptcy court, which found that Mee-han explained the terms of the dissolution agreement to Falconer.
 

 The district court in this action, relying on the earlier bankruptcy court decision, held that Falconer was collaterally es-topped from asserting both that the Agreement contained no cure provision and that Meehan did not advise him of the Agreement’s contents. The doctrine of collateral estoppel provides that the determination of an issue by a court of competent jurisdiction is conclusive in a later lawsuit based on a different cause of action involving a
 
 *76
 
 party to the prior litigation.
 
 Crowder v. Lash,
 
 687 F.2d 996, 1009 (7th Cir.1982).
 

 When a plaintiff seeks to collaterally es-top a defendant from relitigating an issue, the plaintiff must establish: “(1) that the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which formed the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issues was necessary to the court’s judgment, and (4) those issues are identical to the issues raised in the subsequent suit.”
 

 Garza v. Henderson,
 
 779 F.2d 390, 393 (7th Cir.1985) (citation omitted) (emphasis omitted);
 
 County of Cook v. Midcon Corp.,
 
 773 F.2d 892, 898-99 (7th Cir.1985). Here Falconer was a party to the prior adjudication. The issues of whether the Agreement permitted Falconer to cure a default and whether Meehan explained the agreement to Falconer were actually decided by the bankruptcy court. Furthermore, the resolution of these issues was necessary to the bankruptcy court’s determination that the dissolution agreement was not unconscionable nor a product of a scrivener’s error.
 

 The plaintiff, however, argues that the issues in the bankruptcy court are not identical with the issues in the present suit. Specifically, plaintiff argues that because the question of legal malpractice was not before the bankruptcy court, that question could not have been decided. We reject this argument.
 

 Plaintiff is now alleging legal malpractice — a claim with its foundations in negligence. To prove his allegations the plaintiff must assert facts demonstrating that the defendant did not meet the requisite level of skill or knowledge. In the bankruptcy court, the plaintiff argued that these same facts should void the agreement. The bankruptcy court rejected these factual assertions. Collateral estoppel is proper in a situation like the case at bar, when facts giving rise to a later cause of action were adversely decided against the plaintiff in a prior action, even if in the prior action a different legal theory was argued. Thus, the result here is logically compelled. For if we rejected the use of collateral estoppel in this case and remanded, the district court would merely be deciding the same factual issues that were decided earlier.
 
 Teamsters Local 282 Pension Trust Fund v. Angelos,
 
 762 F.2d 522, 525 (7th Cir.1985) (“Federal courts apply federal principles of preclusion, and under these principles issues that were fully and fairly litigated between private parties may not later be relitigated even though the second case entails a legal issue fundamentally different from the first.”) The fallacy of plaintiff’s argument is that it fails to take into account the sound proposition that the same facts can be used to support two different causes of action. If these allegations were properly decided adversely to Falconer in the bankruptcy suit, these same facts would be decided against Falconer in this suit had the district court decided not to grant summary judgment.
 

 Plaintiff’s reliance on
 
 Ogle v. Fuiten,
 
 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224 (1984) is misplaced. In
 
 Ogle,
 
 nephews of the decedents sued the attorney who drafted the challenged wills, alleging that he failed to properly express the intent of the decedents. In a prior suit, which involved the nephews, the only issue before the court was the construction of the wills.
 
 Estate of Smith,
 
 68 Ill.App.3d 30, 24 Ill. Dec. 451, 385 N.E.2d 363 (1979). The
 
 Ogle
 
 court held that the nephews’ suit against the attorney was not a collateral attack against the prior judgment. The court reasoned that whether the attorney properly drafted the will to conform to the decedent’s intent was not and could not have been properly before the court in the prior will construction suit.
 
 Ogle
 
 is distinguishable from this case because Falconer’s claims were decided in the prior litigation.
 

 Therefore, we hold that the district court properly granted summary judgment against the plaintiff. Furthermore, we find that the district court’s use of the doctrine of collateral estoppel was proper.
 

 
 *77
 
 B.
 

 The plaintiff’s third ground for liability was not litigated in the bankruptcy court, and, thus, is not barred by the doctrine of collateral estoppel. According to the district court, plaintiff’s expert formulated this issue by stating that “it was also negligent for defendant Meehan to represent Falconer in dissolving the partnership after he had been the attorney for the partnership without disclosing this conflict.” We agree with the trial judge that these allegations are insufficient to support a cause of action for malpractice.
 

 The trial judge found that “[pjlain-tiff has not produced any evidence to create a factual dispute as to Meehan’s testimony that upon learning of Falconer and West’s desire to dissolve the partnership he [Meehan] informed them that because he previously represented the partnership it was appropriate for them to have their own attorneys to handle the dissolution.”
 
 Falconer v. Meehan,
 
 No. 82-4362 (S.D.Ill. June 3, 1985). Meehan, in our opinion, followed proper procedures.
 

 The facts in this case show that Falconer has no basis to allege that Meehan had a conflict of interest. Meehan represented the partnership entity, which was comprised of West and Falconer. Subsequently, Meehan represented Falconer. If any partnership secrets could possibly be leaked to Falconer, it is West who could object. This circuit has recently stated this rule:
 

 [A] lawyer may not represent an adversary of his former client if the subject matter of the two representations is “substantially related,” which means: if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second.
 

 Analytica, Inc. v. NPD Research, Inc.,
 
 708 F.2d 1263, 1266 (7th Cir.1983);
 
 see also LaSalle Nat. Bank v. Triumvera Homeowners Assoc.,
 
 109 Ill.App.3d 654, 65 Ill.Dec. 218, 225, 440 N.E.2d 1073, 1080 (1982). The language quoted above supports the proposition that West, not Falconer, could object to Meehan’s representation of Falconer.
 

 III.
 

 Plaintiff’s last issue to be addressed is whether Chief Judge Foreman should have recused himself from the case. We hold that Judge Foreman was not required to recuse himself.
 

 A.
 

 Falconer’s motion to recuse is based on the following facts. It is undisputed that Chief Judge Foreman is a shareholder of the City National Bank of Metropolis. The Bank was the escrowee for the quitclaim deeds for the partnership real estate. Presumably, the Bank received a fee for its services as escrowee. This fee would increase, to some extent, the value of each share of stock in the bank. Thus, Chief Judge Foreman’s stock interest in the Bank, which is a “financial interest” under 28 U.S.C. § 455(b)(4) (1986), was benefitted by the escrow relationship.
 

 In the Pulaski County Circuit Court action, which was removed to bankruptcy court, Falconer sued both West and the Bank, the latter in its capacity as escrowee. Judge Foreman dismissed Falconer’s appeal of the bankruptcy court’s decision in favor of West and the Bank, because Falconer failed to comply with the Rules of Bankruptcy Procedure. Arguably, however, Judge Foreman should have recused himself from hearing the appeal from the bankruptcy court, because of his financial interest in the bank.
 

 In this action, Judge Foreman relied on the factual determination of the bankruptcy court and found that Falconer was es-topped in asserting his malpractice claim against Meehan. Falconer’s argument for recusal stems from Judge Foreman’s involvement with the prior bankruptcy litigation in which he denied an appeal from the bankruptcy court’s ruling against the plaintiff. Falconer alleges that an appearance of prejudice for 28 U.S.C. § 455(a) purposes exists, because factual determinations
 
 *78
 
 made in that prior case, in which Judge Foreman arguably should have recused himself, are used in this case for collateral estoppel purposes.
 

 B.
 

 We decline to reach the merits of whether Judge Foreman properly refused to recuse himself in this case or whether he should have recused himself from hearing the appeal from the bankruptcy court in the prior action against West and the Bank. We hold that our recent decisions of
 
 United States v. Murphy,
 
 768 F.2d 1518 (7th Cir.1985),
 
 cert. denied,
 
 — U.S. -, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986), and
 
 New York Housing Development Corp. v. Hart,
 
 796 F.2d 976 (7th Cir.1986) are controlling.
 

 In the present suit, Judge Foreman granted summary judgment to Meehan on June 3, 1985. On June 13, 1985, ten days
 
 after
 
 entry of judgment, Falconer filed his motion to recuse under 28 U.S.C. § 455(b)(4) (1986). Section 455(b)(4) states:
 

 (b) He shall also disqualify himself in the following circumstances:
 

 (4) He knows that he individually or as a fiduciary ... has a financial interest in ... a party to the proceeding or any other interest that could be substantially affected by the outcome of the proceeding....
 

 This motion was denied by Judge Foreman on January 10,1986, who reasoned that the plaintiff “fail[ed] to specify how any action the court [has] take[n] in this case will affect the Bank’s financial posture.”
 
 Falconer v. Meehan,
 
 No. 82-4362 (S.D.Ill. June 10, 1986) (order denying motion to recuse).
 

 However, plaintiff has apparently abandoned his 455(b)(4) claim on appeal, conceding that Judge Foreman’s financial interest in the Bank could not be affected by this case. Plaintiff asserts, instead, that 28 U.S.C. § 455(a) is applicable.
 
 [1]
 
 That section provides:
 

 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 [2]
 

 We need not, however, apply § 455(a) to the facts in this case, because we find
 
 U.S. v. Murphy, supra,
 
 to be dispositive.
 

 In
 
 Murphy
 
 this court held that “judicial acts taken before the [455(a) ] motion may not later be set aside unless the litigant shows actual impropriety or actual prejudice; appearance of impropriety is not enough to poison'prior acts.”
 
 Murphy
 
 at 1541;
 
 see also New York City Housing Development Corp. v. Hart,
 
 796 F.2d 976 (7th Cir.1986). Thus, even if recusal is found to have been mandated under § 455(a) only actions taken after the motion need be set aside.
 

 Plaintiff filed his motion to recuse Judge Foreman ten days after the final order granting summary judgment. Because we do not find any actual prejudice, we hold that under
 
 United States v. Murphy, supra,
 
 orders made prior to the motion to recuse need not be set aside.
 
 See also New York City Housing Development Corp.,
 
 796 F.2d at 979
 
 (“Murphy
 
 surveyed the cases involving appearance of impropriety and concluded that none had required the court to ‘set aside decisions that had been taken before any party asked for recusal.’ ” (citation omitted)).
 

 
 *79
 
 IV.
 

 For the reasons set forth above we affirm the district court’s order granting summary judgment against Falconer on his malpractice claim and its order refusing to recuse Judge Foreman.
 

 AFFIRMED.
 

 [1]
 

 . Regardless of which subsection plaintiff moves under, he has continued his original motion to recuse the district judge. Thus, we are not faced with a situation where an issue has not been presented to the district court, but was raised for the first time on appeal.
 
 Christmas v. Sanders,
 
 759 F.2d 1284, 1291 (7th Cir.1985).
 

 [2]
 

 . This circuit has read § 455(a) to require recu-sal whenever there is "a reasonable basis” for a finding of an appearance of partiality under the facts and circumstances of the case.
 
 Pepsico, Inc. v. McMillen,
 
 764 F.2d 458, 460 (7th Cir.1985);
 
 SCA Services, Inc. v. Morgan,
 
 557 F.2d 110, 116 (7th Cir.1977) (per curiam). The
 
 Morgan
 
 court’s test for an "appearance of partiality,” as construed by the
 
 Pepsico
 
 court, is "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case.”
 
 Pepsico
 
 at 460.