983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry L. SARGENT, Plaintiff/Appellant,
v.
Michael L. BECHER, Sheriff of Clark County and individually
and Dr. E'Auston Johnston, Doctor of Clark County
Jail, Defendants/Appellees.
 No. 91-1480.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Jan. 5, 1993.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 While Jerry Lee Sargent was kept at Clark County Jail in Jeffersonville, Indiana, he hurt himself when he fell in the shower. He alleged that this fall caused a back injury, which he claims Sheriff Michael Becher aggravated by not sending him for treatment immediately after he fell and Dr. E'Auston Johnston aggravated by denying him proper medical care. Sargent sued Becher and Johnston under 42 U.S.C. § 1983, claiming that their inadequate treatment of his back problem deprived him of his right to medical care as guaranteed by the Due Process Clause of the Fourteenth Amendment. The district court ruled that the defendants treated Sargent and found no serious injury, therefore Sargent had failed to establish the elements of his case requiring deliberate indifference to a serious medical need. Sargent now appeals the court's ruling.
 
 
 2
 Sargent contends that the court applied the wrong standard when it required him to show that the defendants were deliberately indifferent to his serious medical needs. He argues that, because he was a pretrial detainee and not an imprisoned convicted felon, he needed only to show that the defendants' actions were negligent. The issue of what standard to apply to pretrial detainees pressing violations of their right to medical care in prison was undecided when the district court issued its order. Since then, however, in Salazar v. City of Chicago, 940 F.2d 233, 239 (7th Cir.1991), we held explicitly "that the deliberate indifference standard applies to pretrial detainees." Id. The district court, therefore, applied the correct legal standard in assessing the defendants' motion for summary judgment.
 
 
 3
 Even under that standard, Sargent argues, the court erred by granting summary judgment to the defendants because an issue of material fact remained regarding when the injury occurred. As part of this argument Sargent urges that a material fact remains undecided because the court did not allow him enough time for discovery. In his brief Sargent suggests that he was injured in April of 1988 but that the defendants did not treat him until June of 1988. This is the first time he has claimed that his fall occurred in April. In his initial complaint Sargent did not mention when his injury occurred. In his response to defendants' motion for summary judgment Sargent said that he thought that he was injured in June but that he could not be sure without further discovery. He claimed he needed more time for discovery even though the court had granted him extra time for discovery after the defendants had moved for summary judgment. The record contains no other reference to the timing of the fall. The court, resolving all doubts against the defendants and accepting Sargent's reasonable allegations as true, Falconer v. Meehan, 804 F.2d 72, 75 (7th Cir.1986), viewed Sargent's allegation to be that he was injured in June. The court then looked to the record of medical treatments that the defendants afforded Sargent and concluded that he had been treated in June as well as for several months after that. Accordingly, the court held that the defendants had not been deliberately indifferent to Sargent's medical needs.
 
 
 4
 As an initial matter Sargent's claim that the court erred by denying him more time for discovery is frivolous. The court allowed ample time for discovery which Sargent used to request the production of documents and to submit interrogatories to the defendants. The court also extended the time for Sargent to conduct discovery regarding his fall. The defendants met Sargent's discovery requests. Furthermore, Sargent's basis for wanting more time for discovery was to determine during which month it was that he fell. If he could not provide an answer himself it is difficult to imagine that the answer is to be found in anything the defendants might know.
 
 
 5
 We review the grant of summary judgment de novo, viewing the facts in the light most favorable to Sargent. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). Viewing the facts in the light most favorable to Sargent, we can find nothing in the record before us that would raise an issue of fact concerning the timing of the fall. The defendants submitted documents showing that they first treated Sargent in June and his own recollection was that he fell in June. His allegation that discovery might show otherwise is not a reasonable allegation, therefore the court did not have to heed it. As to the quality of the treatment, the record shows that Sargent was treated in June and then for twelve follow-up treatments. This care included X-rays, physical examinations, and a myelogram, none of which showed that Sargent had a serious medical need. The defendants were not deliberately indifferent to Sargent's medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs